(76 South. 476)

**BENTON v. STATE. (4 Div. 510.)**

(Court of Appeals of Alabama. June 26, 1917.)

1. CRIMINAL LAW ☞1124(3) — REFUSAL OF NEW TRIAL—REVIEW—CONDITIONS PRECEDENT.

Under Gen. Acts 1915, p. 722, with reference to review of criminal cases, where the substance of the evidence was not reduced to writing and the bill of exceptions does not set out the testimony had on the main trial, the action of the

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

lower court in overruling defendant's motion for a new trial will not be disturbed.

2. CRIMINAL LAW ⊜⟶913(1)—NEW TRIAL—FUNCTIONS.

The function of a motion for a new trial is to set up some error of law in the trial on the main cause, or the fact that the defendant has some newly discovered evidence that he could not obtain on the original trial.

Appeal from Circuit Court, Covington County; A. B. Foster, Judge.

Josiah Benton was convicted of petit larceny, and appeals. Affirmed.

Baldwin & Murphy, of Andalusia, for appellant. W. L. Martin, Atty. Gen., for the State.

BRICKEN, J. On the original trial of this case the defendant was convicted of the offense of petit larceny. The only question presented by this appeal is the action of the trial judge in overruling the motion for a new trial.

[1] Prior to Acts 1915, p. 722, amending section 2846 of the Code of 1907, the granting or overruling of a motion for new trial in a criminal case was not reviewable; said section applying only to civil cases. However, the law as it now stands, by virtue of said amendment, makes it the duty of this court to review the action of the lower court in criminal cases as well as in civil cases; but, as a condition precedent for such review of criminal cases, the following proceedings must appear to have transpired: (1) The defendant must have reserved an exception to the action of the court in overruling the motion for a new trial; (2) and shall reduce to writing the substance of the evidence in the case, and also the decision of the court on the motion, and the evidence taken in support of the motion, and the decision of the court shall be included in the bill of exceptions, which shall be a part of the record in the cause; whereupon the appellate court shall have power to grant new trials, or to correct any error in the court below in refusing same.

In the instant case on this appeal there is a noncompliance of the above requirement in this: The substance of the evidence in this case was not reduced to writing, and the bill of exceptions does not set out the testimony had on the main trial of the cause; the bill of exceptions reciting that:

"The solicitor offered on this motion all the evidence submitted on the trial of the cause, which tended to show that defendant was guilty as charged."

But this evidence is not set out in the bill of exceptions, and it only contains the evidence offered by the defendant upon the motion for a new trial. We are unable, therefore, to disturb the action of the lower court in overruling the motion for a new trial; the presumption being that, in passing upon the motion, the court had in mind all the evidence which had been adduced at the trial. Moneagle v. Livingston, 150 Ala. 563, 43 South. 840; Thomas Bros. v. Williams, 170 Ala. 522, 54 South. 494. As we do not or cannot know what the evidence was as a whole, we cannot say that the trial judge erred in overruling the defendant's motion for a new trial.

[2] Furthermore, from all that appears, the motion for a new trial in this case only sets up defensive matters that were properly pleaded under the general issue in this case, under the plea of not guilty. The function of a motion for a new trial is to set up some error of law in the trial on the main cause, or the fact that the defendant has some newly discovered evidence that he could not obtain on the original trial. Geter v. Central Coal Co., 149 Ala. 578, 43 South. 367.

There appearing no error in the record, the judgment of the lower court is affirmed.

Affirmed.