(108 So. 83)

### PLYLER v. STATE. (8 Div. 401.)

(Court of Appeals of Alabama. April 6, 1926.)

**1. Intoxicating liquors ⬅238(2)—Question of defendant's guilt of unlawful possession of still held for jury.**

Slight evidence tending to connect defendant with possession of still *held* to make his guilt of unlawful possession question for jury.

**2. Criminal law ⬅753(2).**

Where there is any evidence tending to establish guilt, affirmative charge for defendant is properly refused.

**3. Criminal law ⬅935(1).**

Sufficiency of evidence to sustain conviction is properly tested by motion for new trial.

**4. Criminal law ⬅723(1)—Argument of solicitor that defendant might carry jury's verdict to Supreme Court if not satisfied therewith held improper, and refusal of court to exclude it was error.**

Argument of solicitor that, if defendant was not satisfied with jury's verdict, he could carry it to Supreme Court, *held* improper, and refusal of court to exclude it was error.

**5. Criminal law ⬅1171(1)—Argument of solicitor taking away jury's responsibility for their verdict held prejudicial error requiring reversal, where question of defendant's guilt was close.**

Argument of solicitor that, if defendant was not satisfied with jury's verdict, he could take it to Supreme Court, *held* prejudicial error requiring reversal, where question of defendant's guilt was close.

Appeal from Circuit Court, Franklin County; C. P. Almon, Judge.

Fred Plyler was convicted of violating the prohibition laws, and he appeals. Reversed and remanded.

Stell & Quillin, of Russellville, for appellant.

The defendant was entitled to the affirmative charge. Moody v. State, 104 So. 142, 20 Ala. App. 572; Stanley v. State, 102 So. 245, 20 Ala. App. 387. The argument of the solicitor was highly prejudicial, and the court erred in refusing to exclude it.

Harwell G. Davis, Atty. Gen., and Thos. E. Knight, Jr., Asst. Atty. Gen., for the State.

The defendant was not entitled to the affirmative charge. Bean v. State, 94 So. 781, 19 Ala. App. 58. The argument of the solicitor does not warrant a reversal. Beard v. State, 95 So. 333, 19 Ala. App. 102.

RICE, J. The indictment was in two counts, and charged, first, the manufacture of prohibited liquors, and, second, the unlawful possession of a still. The jury returned a verdict of guilty under the second count.

That defendant was present at the still place, and that the still was in operation when the officers came upon the scene and made the arrest, is not disputed. The state's evidence tended to show that the defendant had in his hand a bucket, which he put down when the officers approached, and "made two or three jumps" before the officers stopped him. It further tended to show that the officers, just before going upon the scene, heard the sound of water being poured, that upon defendant's clothing there were smut and beer stains, and that his shoes were wet. Defendant denied that he poured water in the still and that he had beer stains on his clothing, and undertook to explain the presence of smut on his trousers by the fact that he had been engaged in burning cornstalks a few days before. Two others were present at the still.

[1-3] It is insisted that the refusal of the affirmative charge as to the second count, requested in writing by the defendant, constituted reversible error. While the evidence tending to connect defendant with the possession of the still was but slight, it was susceptible of an inference by the jury that defendant was guilty of this charge. Where there is any evidence tending to establish guilt, the court cannot be put in error for refusal to give the affirmative charge for the defendant. The sufficiency of the evidence is properly tested by a motion for a new trial.

[4] In his closing argument to the jury, the solicitor made use of this language, "If they are not satisfied with your verdict, they can carry it to the Supreme Court." Defendant objected to this remark, and moved the court to exclude it. The court overruled

this motion, and defendant excepted. Was this argument improper? Was the trial court in error in refusing to exclude it? We are constrained to answer both these questions in the affirmative. Was, then, this error of sufficient injury to work a reversal?

[5] In the case of Beard v. State, 95 So. 333, 19 Ala. App. 102, this court dealt with argument quite similar to that here involved. It was there declared that the effect of such argument was to "lead the jury into the mistaken belief that *their findings on the facts* could be reviewed by a higher tribunal and thereby lessen the sense of responsibility resting on them." (Italics supplied.) This argument was held to be illegal, but it was said that the judgment would not perhaps be reversed for this alone. However, the court did consider it as ground for a motion for new trial, and did order a reversal. We have found numerous cases in this and in the Supreme Court involving the matter of argument of counsel. The more serious question in all of them has been, not impropriety vel non, but rather the effect upon the jury. It has been generally held that each case is to be decided upon its own peculiar facts and circumstances. Taking account of the situation of this case, the flimsy fabric of the state's case against this defendant, we are unable to say that the argument used by the solicitor did not prejudicially affect the defendant's case in the eyes of the jury; did not, in fact, lessen the jury's sense of responsibility. In the light of the whole case, we must resolve the doubt in defendant's favor, to the end that he may have a fair trial by a jury fully conscious of their solemn duty to render a true verdict upon the evidence alone.

We have examined the exceptions reserved to rulings on evidence without finding any of them to possess merit. We pretermit a detailed discussion thereof.

For the error indicated, the judgment will be reversed, and the cause remanded.

Reversed and remanded.