(114 So. 67)

### WEAVER v. STATE. (6 Div. 134.)

Court of Appeals of Alabama. May 24, 1927.

Rehearing Denied June 30, 1927.

Curtis, Pennington & Pou and W. C. Davis, all of Jasper, for appellant.

Charlie C. McCall, Atty. Gen., and Thos. E. Knight, Jr., Asst. Atty. Gen., for the State.

RICE, J. Appellant was convicted of the offense of distilling prohibited liquor.

The only questions presented for our consideration are as to the action of the trial court in, first, refusing to give, at defendant's request, the general affirmative charge in his favor; and, second, overruling his motion to set aside the verdict of the jury and grant him a new trial.

The state's evidence, in substance, was that a complete still of from 300 to 500 gallon capacity was found in the woods set up and in full operation, making whisky. Defendant and one Jim Short were there. For a period of some ten minutes or longer officers, hidden in the brush, watched the still, and saw defendant and Short "stirring around there." Short was seen to fire the furnace, but defendant was observed to do nothing more than move around the still. When the officers closed in on the operation, defendant fled. He was run down by some of them and brought back, and as the still was being destroyed, according to one of the witnesses, "he (defendant) said he wanted to look in there." When witness asked what for, defendant replied, "I thought we had scorched that thing, and I wanted to see."

This we hold takes this case out from the scope of those decisions cited by appellant, holding that mere presence at a still of this kind is not enough upon which to convict, and authorized the court to submit the question of appellant's guilt to the jury. And we think the evidence supported the jury's finding.

There is no error, and the judgment is affirmed.

Affirmed.

### On Rehearing.

Appellant received a sentence to serve not less than two years nor more than four years in the penitentiary.

Under our law, and in the circumstances under which this appeal is before us, it devolves upon this court to say finally whether or not the evidence is sufficient to sustain the conviction. To our way of thinking no higher or more sacred duty could be imposed upon any tribunal. For, as it is true that "all that a man hath will he give for his life," so, common knowledge teaches us, is it true that all a man hath will he give for his liberty.

So greatly impressed have we been by the earnest argument advanced by appellant's able and distinguished counsel that the entire court has again read in conference the whole evidence in this case. We realize the momentous consequences to this defendant should we err in our conclusion.

But, after according the consideration to the case which we think its importance, not alone to this appellant, but as well to society as a whole, demands we are still of the opinion expressed in our former pronouncement.

Application overruled.