(114 So. 67)

## WEAVER v. STATE. (6 Div. 985.)

Supreme Court of Alabama. Oct. 13, 1927.

1. **Criminal law ⬤⟶1179—In reviewing decision of Court of Appeals as to matters of fact, on certiorari, Supreme Court will not look beyond opinion of that court.**

In proceeding by certiorari to review decision of Court of Appeals in a criminal case as to matters of fact, Supreme Court will not look beyond the opinion of the lower court, and, if the facts stated in the opinion justify its conclusion, the writ will be denied.

2. **Intoxicating liquors ⬤⟶238(1)—Guilt of distilling prohibited liquor held for jury.**

Submitting to jury question whether defendant was guilty of distilling prohibited liquor *held* not error.

3. **Criminal law ⬤⟶935(1)—Denying new trial held not error, where guilt was question for jury.**

Trial court was justified in denying new trial in criminal case, where evidence was sufficient to take question of guilt to the jury.

Certiorari to Court of Appeals.

Petition of Sam Weaver for certiorari to the Court of Appeals to review and revise the judgment and decision of that court in Weaver v. State, 114 So. 67. Writ denied.

Curtis, Pennington & Pou, and W. C. Davis, all of Jasper, for appellant.

The presence of defendant at the still was sufficiently explained, and the affirmative charge requested by him should have been

<hr>

⬤⟶For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1] Ante, p. 314.

given. Clark v. State, 18 Ala. App. 217, 90 So. 16; Guin v. State, 19 Ala. App. 67, 94 So. 788; Knight v. State, 19 Ala. App. 296, 97 So. 163; Hanson v. State, 19 Ala. App. 249, 96 So. 655; Mitchell v. State, 18 Ala. App. 119, 89 So. 98. The motion for a new trial should have been granted, the evidence being entirely insufficient to sustain the verdict. Matthews v. State, 21 Ala. App. 38, 104 So. 884; Parsons v. State, 20 Ala. App. 615, 104 So. 556; Moultrie v. State, 20 Ala. App. 258, 101 So. 335; Watts v. State, 19 Ala. App. 549, 98 So. 914; Fillmore v. State, 18 Ala. App. 334, 92 So. 94; Rivers v. State, 20 Ala. App. 500, 103 So. 307; Plyler v. State, 21 Ala. App. 320, 108 So. 85.

Charlie C. McCall, Atty. Gen., for the State.

Brief did not reach the Reporter.

BROWN, J. [1] In reviewing the decision of the Court of Appeals, on certiorari, as to matters of fact, this court will not look beyond the opinion of that court, and, if the facts stated in the opinion justified the conclusion and judgment of the Court of Appeals, the writ will be denied. Campbell v. The State, ante, p. 295, 112 So. 902.

[2, 3] The facts appearing in the opinion of the Court of Appeals show without dispute that the petitioner was present with Short, moving around the still while it was in full operation, and that he attempted to escape arrest by flight, after being arrested and brought back to the still, and while the officers were engaged in destroying the still; the evidence tending to show that he made an inculpatory admission or statement going to show that he was interested with Short in the possession and operation of the still.

The questions here argued involve the refusal of the Court of Appeals to reverse the trial court for denying the affirmative charge to defendant, and overruling his motion for a new trial. We are not of opinion that error in this respect was shown. The facts stated made a jury case, and, without more, justified the denial of a new trial. Southern R. Co. v. Kirsch, 150 Ala. 659, 43 So. 796; Cobb v. Malone, 92 Ala. 630, 9 So. 738.

Writ denied.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.