(126 So. 100)

### SWANZY v. STATE.  (6 Div. 697.)

Court of Appeals of Alabama.  Jan. 21, 1930.

Rehearing Denied Feb. 4, 1930.

R. G. Redden and J. C. Milner, both of Vernon, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

BRICKEN, P. J.  The jury returned a verdict against this appellant of "guilty as charged in the first count of the indictment." This count charged that he "did distill, make or manufacture, alcoholic, spirituous, malted or mixed liquors or beverages, a part of which was alcohol, contrary to law."

The evidence adduced upon the trial, without conflict or dispute, tended fully to establish the corpus delicti.  It showed that the "raiding" party, the sheriff, and others, found the still in full operation with whisky running therefrom into a vessel, and also several gallons of whisky already manufactured or distilled, in containers on the ground within a few feet of the still.

█ The only question involved upon this trial was whether or not this appellant made, or participated in the making of, this whisky. The state insisted that he did, and offered testimony which tended strongly to sustain this insistence.  This accused admitted his presence at the still at the time of the raid, and stated he had been there five or ten minutes sitting on the ground near the still when the raid was made.  He also testified that this was his first visit to the still, and that prior to this visit he knew nothing of its existence, and that he was in no manner interested in the still nor was he connected in any way in the making of the whisky found there. The evidence was in sharp conflict with that offered by the state.  These disputed questions of fact were for the determination of the jury.  We have carefully read and considered this record and discover no reversible error in any of the court's rulings.  The exceptions to the rulings of the court on the admission of evidence are so clearly without merit they need no discussion.

█ The main insistence of appellant is that he was entitled to the affirmative charge. However, under the conflicting evidence we are unable to understand how this could be seriously urged.  The evidence of the state, if believed under the required rules, was am-

ple to sustain the verdict returned by the jury and also to support the judgment of conviction pronounced and entered.

It is clearly manifest that the trial court by the rulings made carefully safeguarded every substantial right of the accused. The oral charge was able, full, and fair to the defendant. There was no error in refusing the written charges requested by defendant and so indorsed by the court. The record appears regular and without error. It is therefore ordered that the judgment of conviction in the circuit court from which this appeal was taken will stand affirmed.

Affirmed.