(136 So. 481)

### SANDLIN v. CITY OF BIRMINGHAM.

6 Div. 847.

Court of Appeals of Alabama.

Aug. 4, 1931.

W. J. Wynn and Ralph E. Parker, both of Birmingham, for appellee.

Prosch & Prosch, of Birmingham, for appellant.

BRICKEN, P. J.

The prosecution in this case was for the violation of ordinance 317-C. of the city of Birmingham. The specific charge being that the appellant, within the police jurisdiction of said city, did have in possession prohibited liquors and beverages, etc. The prosecution originated in the recorder's court, and, from a judgment of conviction therein, he appealed to the circuit court and was there tried by a jury, was again convicted, and appealed here. Pending the trial, no exception was reserved to any ruling of the court, except to its action in overruling the motion for a new trial. Assignments of error are based upon this exception and upon the refusal of several written charges requested by defendant.

■ Assignment No. 1 cannot be sustained. It is based upon the refusal by the court of the following charge: "I charge you gentlemen of the jury, if the State's witnesses in this case were mistaken as to any material fact, that fact alone may be sufficient for an acquittal." This is not a prosecution by the state. There were no "State witnesses" in this trial. The charge, therefore, is not applicable, nor does it state a correct proposition of law. A witness may make an honest mistake in giving his testimony. Such would not authorize the jury to disregard all the testimony of the witness. The governing rule is, if a witness willfully and corruptly swears falsely to a material fact, the jury in its discretion could disregard the testimony of such witness entirely.

■ Assignment of error 2 is based upon the refusal of the court to give this charge: "I charge you gentlemen of the jury, the defendant is presumed innocent, until the State has proven his guilt beyond a reasonable doubt." As stated hereinabove, the state was not a party to this prosecution, hence this charge is not applicable. But pretermitting this, the substance of the charge in question was fairly and substantially covered by the court's oral charge, wherein it was stated: "The defendant under the law is presumed to be innocent until his guilt is proven beyond a reasonable doubt." The court will not be put in error for refusing a charge even if it is correct, where the same proposition of law has been fairly and substantially given to the jury in the oral charge, or by charges given at the request of parties. In other words, no duty rests upon the court to repeat to the jury instructions already given.

■ There is no phase of this case which entitled the defendant to the general affirmative charge. Therefore, assignment of error 3 is without merit, it being predicated upon the action of the court in refusing the affirmative charge. The evidence in this case was in sharp conflict, presenting therefore a question for the determination of fact by the jury, and not a question of law for the court. Ode Grimes v. State, ante, p. 378, 135 So. 652.

■ Assignment of error 4 relates to the overruling of defendant's motion for a new trial.

The function of a motion for a new trial is to set up some error of law in trial of main case, or the fact that defendant has some newly discovered evidence that he could not obtain on original trial. Williams v. State, 20 Ala. App. 275, 101 So. 509; Benton v. State, 16 Ala. App. 192, 76 So. 476. It is clearly apparent that the learned trial court committed no error in the main trial of the case, and appellant made no contention in his motion for a new trial that he had any newly discovered evidence; therefore, the court very properly overruled the motion. A motion for a new trial is properly overruled where no matter was presented which was not dealt with on trial; there having been ample evidence to support verdict and conviction. Bell v. State, 16 Ala. App. 36, 75 So. 181. Denying new trial is not error, where guilt was question for jury. Weaver v. State, 22 Ala. App. 162, 114 So. 67. As stated, the case at bar presented a question of fact for the jury.

The foregoing disposes of every question presented on this appeal. The judgment of conviction appealed from is affirmed.

Affirmed.