5 So.2d 825

## MIKELL v. STATE.

### 4 Div. 233.

Supreme Court of Alabama.

Nov. 6, 1941.

Rehearing Denied Jan. 29, 1942.

Carnley & Carnley and J. C. Fleming, all of Elba, opposed.

Thos. S. Lawson, Atty. Gen., John W. Vardaman, Asst. Atty. Gen, and J. Alex. Huey, Circuit Sol., of Enterprise, for petition.

GARDNER, Chief Justice.

The Court of Appeals has reversed the judgment of conviction against one John Jolly Mikell for the offense of rape upon two grounds, each of which, however, bears relation to the plea of autrefois acquit filed in the cause by said defendant.

The first ground relates to the exception to the oral charge of the court and the second to the action of the court in failing to submit to the jury the plea of autrefois acquit separately from that of the general issue. We are unable to concur.

The girl in this case, the alleged victim of the assault, insisted, as the opinion of the Court of Appeals discloses, that the two acts of sexual intercourse which took place in Houston County were the result of the threats and intimidations on the part of the defendant accompanied by physical violence. She insists he choked her and threatened her life.

The defendant was acquitted of these alleged offenses in Houston County. But rape is not a continuous offense and each act of intercourse constitutes a separate and distinct offense. 52 C.J. 1007.

Following these acts of intercourse in Houston County it appears that in a short period of time upon return to Enterprise in Coffee County, Alabama, the defendant again had intercourse with the girl, and the State insisted that under the evidence the question of consent was one for the jury. The trial in Coffee County resulted in a conviction from which judgment the appeal is prosecuted.

All of these facts appear more fully in that part of the oral charge of the court to which exception was reserved and by the Court of Appeals held erroneous. It reads as follows:

"In this case the defendant has interposed a plea of former jeopardy, which means, would mean—I take that back. I will just say that former jeopardy means that the defendant has been tried and acquitted for the same offense cited in this case. Now if he was acquitted, and if the offense was committed in Houston County entirely, ended there, and he was tried for that and acquitted, then he could not be tried for that particular offense, up here, for there is a statute which says that where a crime is begun in one County and completed in another either County has jurisdiction. But the state here contends, and I admitted that evidence of what occurred in Houston County not for the purpose of your basing a conviction upon that evidence, but upon the theory as I have just read to you here as to whether or not the acts and conduct of the defendant placed her in a state of fear in that County which continued into this County where he repeated the act of intercourse, under those circumstances that would be a different act, but so far as to her physical and mental attitude it may be the same, as the State insists it was, when she was attacked in Houston County. In other words, she was placed in fear there by physical acts of force. Then the question is what she did there, did she there, under those circumstances down there, if she had that condition, that breaking down of her resistance by threat or by force, putting her in fear, did that continue, her breakdown of resistance and her fear to deny him here, when he demanded in this County. If so, then that would be sufficient to make that rape in this County. But you cannot convict him of what he did in Houston County alone, and he is not being tried for that offense; it is only for the purpose in aiding you in the determination of her mental attitude and her physical being at the time of her acts in this County. If that fear, that condition, brought about there as testified here by the doctor and by her, that physical condition existed right along from one County into the other, and there was fear resulting in her mind of him to such an extent that she was unable to resist his attempts, then that would be sufficient, that would be a constructive force in this County, and would make out and complete that element of the offense. So finding that these did not continue, or that she gave her consent voluntarily in this county, the acts and conduct of the parties in Houston County would have no effect upon it at all. That evidence is let in there for that purpose—to illustrate her condition, mental condition and her physical condition when she came into this County respecting her fear of his demands or his conduct".

This charge of the court clearly demonstrates the theory which the State was presenting, that is, that if the jury believed the third act of sexual intercourse, which had admittedly taken place in Coffee County, was the result of fear or coercion and the weakened condition of the alleged victim brought about by the threats of the defendant and the violence upon her person, a short time previous in Houston County, then the offense of rape would properly be made out for this third act of intercourse in Coffee County.

■ As each act of intercourse constitutes a separate offense we can see no objection to that portion of the oral charge of the court to which exception was reserved.

■ It was pointed out in Brown v. City of Tuscaloosa, 196 Ala. 475, 71 So. 672, 673, citing Freeman's notes found in 92 Am.St.Rep. 107, that it is immaterial that the evidence relied upon to support the second charge was, in fact, introduced on the trial of the first. The criterion is not what testimony was introduced, but what might have been, and the determinative feature is whether the facts alleged in one charge would support a conviction under the other.

Counsel for defendant in brief quote from Brown v. City of Tuscaloosa, supra, as follows: "If the evidence which is necessary to support the second indictment was admissible under the former, related to the same crime, and was sufficient if believed by the jury to have warranted a conviction of that crime, the offenses are

identical, and a plea of former conviction or acquittal is a bar".

■ But the answer to the argument based upon this authority is that the evidence does not relate to the same crime and that offered on the trial in Houston County would in no event warrant a conviction of any offense in Coffee County, where the third act of intercourse is said to have taken place. Such proof was only admissible so far as it tended to show the girl's condition and state of mind at the time of the third act of intercourse upon the question of consent vel non.

The fundamental error of the argument seems to rest upon the theory it was a continuous offense. We think it clear enough that each act of intercourse was a separate offense as held by the authorities cited in 52 C.J. supra. The excerpt from the oral charge of the court to which exception was reserved plainly states the purpose of the proof as to what occurred in Houston County and needs no elaboration here. We think it correct and well supported by the authorities and sound reasoning as well.

■ Upon the second ground of reversal it may well be conceded that under our decisions (Parsons v. State, 179 Ala. 23, 60 So. 864), ordinarily an issue of former jeopardy, either of acquittal or conviction, should be tried separately and in advance of the issue of "not guilty". But to have a reversal of a judgment of conviction there must not only appear error, but such error as is prejudicial to the substantial rights of the party. No such error here appears. This for the reason that undisputedly the third act of intercourse occurred in Coffee County and was not involved in the trial of the defendant in Houston County.

■ If an offense at all, it was wholly separate and distinct and unaffected by the trial in Houston County. The sole issue was the consent vel non of the alleged victim, and there is no contention that issue was not fully and fairly presented to the jury. The failure, therefore, of the trial court to submit the plea of autrefois acquit separately for the jury's consideration could in no manner have affected any substantial right of this defendant.

We have considered the only questions pressed for determination and upon which it is insisted the judgment of conviction should be reversed, and find them without merit.

It follows, therefore, that the judgment of the Court of Appeals is reversed and one here rendered affirming the judgment of the court below.

Writ awarded. Reversed and rendered.

All Justices concur except KNIGHT, J., not sitting.

On Rehearing.

GARDNER, Chief Justice.

■ No question appears to have been raised before the Court of Appeals and none considered by that Court concerning any deficiency of the judgment entry in this cause. There was, therefore, nothing here for this Court to review on petition for certiorari.

We treated the only question presented and concluded there was no occasion for remandment of the cause and of consequence ordered the judgment of the trial court be here affirmed. In view of this situation we have permitted supplemental brief on behalf of defendant, which for the first time presents the matter of the sufficiency of the judgment, so that if the question merited serious consideration, the cause could be remanded to the Court of Appeals to that end.

We have, therefore, carefully reviewed defendant's insistence in this regard. The argument is based upon the theory the judgment of the court is void, or so defective at least as to call for a reversal of the cause in that it fails to show an adjudication of guilt by the court. But we think the judgment is sufficient. That part of the judgment here pertinent reads as follows:

"Thereupon came a jury of good and lawful men, to-wit; J. I. Helms, Foreman and eleven others, who having been duly impanelled and sworn according to law, on their oaths says: 'We the Jury find the defendant guilty as charged and affix the punishment at 10 years in the penitentiary.'

"Thereupon the defendant, being personally present in court, was asked by the Court if he had anything to say why the sentence of the Law should not now be pronounced upon him, and he said nothing.

"It is therefore considered, and adjudged by the Court that the said defendant, John Jolly Mikell, alias, be imprisoned in the penitentiary of this State for a period of 10 years."

■ True this is not in perfect form, as observed by the Court in Driggers v.

302

State, 123 Ala. 46, 26 So. 512. But our decisions are to the effect that such a judgment, though omitting express language of adjudication of guilt of the defendant, nevertheless sufficiently implies such a judgment of guilt and is a valid judgment of conviction. Ex parte Roberson, 123 Ala. 103, 26 So. 645, 82 Am.St.Rep. 107; Driggers v. State, supra; Carmichael v. State, 213 Ala. 264, 104 So. 638.

A comparison of the judgment entries involved in these cases with that here in question, discloses these authorities are directly in point and decisive contrary to defendant's insistence here.

We deem further elaboration unnecessary. The judgment is sufficient. As to the question determined in the original opinion we merely add that we have given it further consideration in the light of brief of counsel but we are not persuaded the original holding was erroneous. It results that the application for rehearing is overruled.

Application for rehearing overruled.