42 So.2d 471

## BALLARD et al. v. STATE.

### 8 Div. 741.

Court of Appeals of Alabama.
June 21, 1949.

Rehearing Denied July 19, 1949.

Fred Fite, of Hamilton, for appellants.

A. A. Carmichael, Atty. Gen., and Thos. F. Parker, Asst. Atty. Gen., for the State.

**CARR, Judge.**

The appellants were indicted separately, but by agreement were tried jointly.

The indictments in two counts charged unlawful manufacture of whiskey and possessing an illicit still.

■ There were separate verdicts of guilt as to each accused. The verdicts were general in terms. Under these circumstances, each verdict was referable to a good count in the indictment which found support in the evidence. Wiggins v. State, 244 Ala. 246, 12 So.2d 758.

It is cogently urged in brief of counsel that the general affirmative charge should have been given to each defendant. Many cases are cited and illustrated in support of this position. We will not attempt to analyze them. However, it may be said that by close study and scrutiny they are readily distinguishable from the case at bar.

Hobson Black, the raiding officer, was the only witness who testified in the cause. The defendants did not offer any evidence.

The officer testified that he found a complete still in operation with the whiskey running into a gallon glass jug. The defendant Hammock was sitting four or five feet in front of the still with his shirt off. Ballard was near, and he handed Hammock a glass jug filled with white liquid. The witness testified also that he observed Hammock with a rubber tube which he apparently inserted into the jug which Ballard handed him. When the officer made his presence known, both defendants ran, although warned not to leave. The witness found two five-gallon kegs at the still place, one full and the other about one-half full of whiskey. There was an empty jug somewhere near.

It is to be noted that each appellant was indicted for the manufacture of whiskey and the possession of a still. In this respect some of the cases cited by counsel are to be distinguished from the case at bar.

■ We must not lose sight of the doctrine that a conviction for crime may be sustained on circumstantial evidence.

■ A defendant in a criminal case is not due the general affirmative charge if from the proved facts and circumstances there follows a reasonable inference of guilt. "Whether or not there be any evidence is a question for the court, but the sufficiency thereof is for the jury." Wilson v. State, 30 Ala.App. 126, 3 So.2d 136, 137.

■ This court has held in a number of cases that the mere presence of a person at a still is not sufficient, of itself, to overcome the presumption of innocence. We do not now depart from this view. However, the holding must not be taken to mean that, if there are also other facts and circumstances tending to connect the accused with the crime charged in the indictment, the affirmative charge is due him. To so hold would destroy every vestige of the circumstantial evidence doctrine.

■ A review of the delineated facts must lead to the inescapable conclusion that there were other circumstances which tended strongly to connect these defendants with the manufacture of the whiskey which was then in progress, and also the posses-

sion of the still which was shown to be complete. The following authorities lend support to our view. Swanzy v. State, 23 Ala.App. 386, 126 So. 100; Traffenstedt v. State, Ala.App., 38 So.2d 619;[1] Elmore v. State, 21 Ala.App. 410, 109 So. 114; Plyler v. State, 21 Ala.App. 320, 108 So. 83; Bean v. State, 19 Ala.App. 58, 94 So. 781; Lee v. State, 18 Ala.App. 566, 93 So. 59; Weaver v. State, 22 Ala.App. 162, 114 So. 67.

Written charges numbered 4 and 5, which were refused to the appellants, are clearly invasive of the province of the jury. It is to be noted also that the courts have approved the refusal of written instructions that contain the expression "even though." We observe that this rule has been applied in civil cases. Western Union Tel. Co. v. Gorman, 240 Ala. 482, 199 So. 702; Louisville & N. R. Co. v. Davis, 236 Ala. 191, 181 So. 695.

There is no reason which appears to us why the same application should not be made to written charges in criminal cases.

We have responded to each question which is presented for our review.

It is ordered that the judgment below be affirmed as to each defendant.

Affirmed.

BRICKEN, Presiding Judge, not sitting.