43 So.2d 758

### ALLRED v. STATE.

6 Div. 904.

Court of Appeals of Alabama.

Jan. 10, 1950.

Mitchell & Galin, of Cullman, for appellant.

A. A. Carmichael, Atty. Gen., and Thos. F. Parker, Asst. Atty. Gen., for the State.

HARWOOD, Judge.

This appellant stands convicted of the larceny of a diamond ring.

The evidence introduced by the State tends to show that the ring was discovered to be missing from a drawer in which it was usually kept by its owner, Mrs. Arthur Carter.

Several weeks later Mrs. Carter observed the ring as it was being worn by appellant at a skating rink. Appellant's sister had been employed as a maid in the Carter home at the time the ring disappeared.

Mrs. Carter called the police, and appellant was arrested. At the time of his arrest appellant claimed he had found the ring in front of a creamery across the street from the Carter residence.

The State's evidence further tends to show that several days before his arrest appellant had been interviewed by law enforcement officers in connection with another matter. At this time the officers had observed appellant wearing a ring which in their judgment was the same ring involved in this case. At this time appellant told the officers that the ring was his sister's, having been presented to her by a "boy friend."

In his own behalf appellant testified, that he had found the ring in front of a creamery across the street from the Carter home. He denied ever having told the officers that the ring belonged to his sister.

Other witnesses presented by appellant testified that he had told them he found the ring as aforementioned, and that he had worn the ring openly and in public, and had on occasions loaned the ring to other parties to wear.

The ring was introduced in evidence, and it was stipulated that it was of a value of around $750.00.

The possession of recently stolen goods, without a reasonable explanation of such possession, is a fact from which the jury may infer guilt. The reasonableness of the possessor's explanation is for the jury. Dickey v. State, 32 Ala.App. 413, 26 So.2d 532.

In our opinion the evidence presented in this case is sufficient to support the verdict of guilty rendered by the jury.

No ruling by the court pertaining to the admission of evidence could be said to be tainted with error. Elemental principles, often stated, were involved in such rulings and do not invite any discussion.

The verdict returned by the jury was as follows: "We, the jury, find the defendant guilty." This was a general verdict, and while the jury did not assess the value of the ring stolen, the verdict is referable to the indictment and is a finding of guilty as charged in the indictment, which alleges the value of the ring to be $750.00. Huffman v. State, 89 Ala. 33, 8 So. 28; DuBois v. State, 50 Ala. 139.

It also appears that in the judgment entered in this cause omitted an express adjudication of guilt of the defendant. It is in other respects regular however, and contains the following paragraph: "It is therefore considered and adjudged by the court that the said defendant, Ezra Arnold Allred, be imprisoned in the penitentiary of this State for a period of one year and one day from this date."

While the judgment is not in perfect form, it nevertheless implies a judgment of guilt, and is a valid judgment of conviction. Mikell v. State, 242 Ala. 298, 5 So.2d 825.

This record being in our opinion free of error probably injurious to the substantial rights of the appellant it is due to be affirmed. It is so ordered.

Affirmed.