83 So.2d 357

**Herbert VINET, alias Vurnette**

v.

**STATE.**

**8 Div. 480.**

Court of Appeals of Alabama.

Aug. 30, 1955.

Rehearing Denied Oct. 11, 1955.

J. O. Sentell, Jr., Montgomery, for appellant.

John Patterson, Atty. Gen., and Owen Bridges, Asst. Atty. Gen., for the State.

PRICE, Judge.

The accused below, the appellant here, was indicted and convicted on a charge of the larceny of a cow.

According to the evidence presented by the prosecution, in the nighttime a cow belonging to J. L. Hitt was loaded on a truck and carried away without the knowledge or consent of the owner. The cow was conveyed by the appellant to the premises of Z. E. Woodvin and sold by the defendant to Woodvin. A few days later the animal was located by the officers and identified by Hitt.

The above evidence appears without dispute. The defendant did not testify nor offer any testimony in his behalf.

At the inception of the trial proceedings two of appellant's witnesses did not answer. It was stated that one of these parties would be in court an hour or two later. Defendant's attorney announced ready and the trial proceeded.

These circumstances appear only in the motion for a new trial and an affidavit introduced at the hearing of the motion.

According to the record the appellant's attorney rested his case without requesting any compulsory process for the attendance of his absent witnesses. He did not move for any delay in the trial proceedings nor ask that he be allowed showings. Childress v. State, 86 Ala. 77, 84, 5 So. 775; Thomas v. State, 15 Ala.App. 408, 73 So. 558; Parsons v. State, 251 Ala. 467, 38 So.2d 209.

In this state of the record the act of counsel had the effect of speculating on the verdict of the jury. We do not think that without such actions the matter could be raised for the first time by motion for a new trial.

The function of a motion for a new trial is to invoke the ruling of the court on some claimed error of law in the trial of the main cause. This, of course, does not include the ground of newly discovered evidence. Benton v. State, 16 Ala. App. 192, 76 So. 476.

There is another ground in the motion for a new trial which is pressed in brief as a basis for error.

The owner of the stolen cow testified that when he made an investigation the next morning he observed some human shoe tracks at or near the place the animal was loaded. On cross examination he stated that the defendant's foot looked large for the size of the track but he would not say that it was.

The sheriff also observed the tracks. He was asked: "Were the tracks made by (indicating defendant's shoes),—did the tracks appear to have been made by a shoe as large as that, or as small as that, or as big as that?" He replied: "Well, I wouldn't say."

The witness stated also that the tracks he observed seemed to have been made by a shoe size seven and a half, but he would not say that the defendant could not wear a shoe that would have made the track.

According to the proof introduced at the hearing on the motion for a new trial, a salesman by the use of a shoe sizer measured the defendant's foot and stated that a seven and one half shoe would be the proper size. This was done outside the presence and hearing of the jury. The salesman did not testify in the case. While the jury was deliberating, another measurement was had and the salesman found he had made a mistake. The size was number nine according to his second finding. Appellant poses this correct calculation as a basis for newly discovered evidence.

■ To warrant the granting of a new trial on the ground of newly discovered evidence it must appear to the court that the evidence so found, if it had been considered by the jury, would have probably changed the result of the trial. (There are other conditions or factors which we need not discuss.) O'Pryor v. State, 237 Ala. 13, 185 So. 374; Washington v. State, 259 Ala. 104, 65 So.2d 704.

■ To illustrate our view that there is no merit in this insistence, we have delineated the circumstances incident thereto in some detail. It will be noted that there was a degree of uncertainty on the part of the witnesses with reference to the size of the tracks found at the locale. The evidence does not make it certain that the defendant did not in fact make the tracks. To say the least, the evidence is inconclusive and weak in its tendency to establish the innocence of the accused.

We are clear to the conclusion that if the salesman had testified at the trial that the defendant wore a number nine shoe this proof would not have changed the verdict of the jury.

The court overruled objections to the following excerpts from the solicitor's argument to the jury:

"Has there been any explanation of the possession of a stolen cow in this case?"

"The only defense I have seen is his lawyer getting up and talking about everybody in the case."

"What I would like to have heard is how that slicker from New Orleans, who was in possession of that stolen cow,—but have you heard it?"

"He was still caught red-handed and his possession has not been explained in this Court of justice."

■ As we have pointed out herein above, without conflict in the evidence, the appellant was in the possession of the recently stolen cow. Under the familiar rule of law without a reasonable explanation of such possession the jury is privileged to infer the guilt of the accused. Allred v. State, 35 Ala.App. 66, 43 So.2d 758.

■ It was available to the accused to have explained this possession by his own testimony or by that of other witnesses. It was not required that he testify in the case in order to establish the proof. It follows, therefore, that neither of the statements of the solicitor was necessarily a comment of the defendant's failure to testify. The appellate courts of this State have held that arguments of this kind and character do not violate the statute prohibiting the solicitor from commenting on the failure of the defendant to testify in his own behalf. Coats v. State, 257 Ala. 406, 60 So.2d 261, and numerous cases there cited.

The judgment of the trial court is affirmed.

Affirmed.