TYSON, Judge.
Gregory Altman was indicted for rape in violation of § 13A-6-61, Code of Alabama 1975, in that he did engage in sexual intercourse with the prosecutrix by forcible compulsion. The jury returned a verdict of “guilty of rape as charged in the indictment” and the trial court set sentence at 99 years’ imprisonment.
On January 20, 1980, the 79 year old prosecutrix was awakened in the middle of the night by someone breaking into her home where she lived by herself. She immediately called a neighbor to come help her and then went to investigate. As she reached her bedroom door she saw a man come in through a den window. This man who was subsequently identified by the prosecutrix as the appellant, then approached her, threw her on the bed, pulled off her bed clothes, dragged her down to the floor, hit her behind her ear with his fist, and raped her. Throughout this episode the prosecutrix was screaming and scratching as best she could to avoid the attack. Eventually, the telephone rang at which time she told her attacker that it was probably the neighbors that she had called while he was breaking in. This apparently prompted the man to leave and he did so through the same window that he had entered.
Medical evidence corroborated the prose-cutrix’ testimony that she had been raped.
The appellant’s defense was simply that he was not the man that broke into the prosecutrix’ house that night. In the alternative, appellant pled “not guilty by reason of insanity.” The appellant’s alibi evidence was inconclusive and his evidence of “insanity” obviously did not convince the jury, which found the appellant “guilty as charged.”
I
Appellant’s only contention on appeal is that the in-court identification of him by the prosecutrix was invalid because it was “tainted” by a pre-trial photographic identification that was unduly suggestive.
Since there was no other evidence placing appellant in the prosecutrix’ house at the time of the rape, this case, necessarily, turns on the validity of the prosecutrix’ identification.
Appellant contends that the prosecutrix was incapable of positively identifying her assailant because her opportunity to observe him was “short, dim, and turbulent.” We are unimpressed by this argument and hold that the victim of a frontal assault *929 who clearly sees the unmasked person, however briefly, at the time of the attack, could certainly make a positive identification. There is nothing in the record before us which challenges the competency of the prosecutrix.
In fact, the record shows that the prose-cutrix observed her attacker from the moment he broke into her den until, face-to-face, he grabbed and raped her.
The crux of appellant’s argument is that the prosecutrix’ pretrial photographic identification was unduly suggestive because she was shown only one picture of appellant. However, this overlooks the fact that the prosecutrix had previously given the investigators a description of her assailant before they gave her the photographs to examine. In spite of the appellant’s assertions to the contrary, the record is not clear as to how many photographs the prosecu-trix viewed in order to identify her attacker.
At various times during her testimony, the prosecutrix was asked by counsel for both sides how many photographs were shown her. Typical of her answers were:
“The Judge showed me one and so did the inspectors.” (R. 38)

“The first one I saw was the one that I knew.” (R. 39)

“They showed me one up here ...” (R. 39)

“I was shown some down in Birmingham, I don’t know what they call that place, to see if I could identify if any of them looked like him.” (R. 40)

“Well, I don’t know.” (R. 41)
The appellant concludes from these answers that the prosecutrix was shown only his photograph and no others. We submit that for aught that appears in this record, more than one photograph was given to the prosecutrix to view, although she may not have looked past the one she identified as her attacker, i. e., the appellant.
Furthermore, the prosecutrix positively identified the appellant in open court. Such identifications, “pretrial” and “in-court”, in this instance were properly submitted to the jury whose responsibility it was to determine their weight and credibility.
We have carefully considered the totality of the circumstances shown in this record, as required by Simmons v. United States, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968) and are clear as to the conclusion that no error is shown with reference to the in-court identification of the appellant. Childers v. State, Ala.Cr.App., 339 So.2d 597, cert. denied, Ala., 339 So.2d 601 (1976); Lomax v. State, Ala.Cr.App., 359 So.2d 832, cert. denied, Ala., 359 So.2d 836 (1978) and authorities therein cited.
We have examined this record and find no error. The judgment of the trial court is therefore affirmed.
AFFIRMED.
All the Judges concur.