411 So.2d 814 (1981)
Robert C. COLEMAN
v.
STATE
3 Div. 370.
Court of Criminal Appeals of Alabama.
August 4, 1981.
Rehearing Denied October 6, 1981.
On Return to Remand December 29, 1981.
Rehearing Denied January 26, 1982.
Certiorari Denied, April 2, 1982.
Edwin L. Yates, Montgomery, for appellant.
Charles A. Graddick, Atty. Gen., and Mark R. Ulmer, Asst. Atty. Gen., for appellee.
Alabama Supreme Court 81-403.
DeCARLO, Judge.
Possession of marijuana after a prior drug conviction; fifteen years and a fine of $15,000.
On June 13, 1980, Grady Gibson, while employed by the State of Alabama, Narcotics Division, executed a search warrant at *815 appellant's residence in Montgomery, Alabama. During the search of the residence, the officers found marijuana and drug paraphernalia. These items were seized and kept in a safe used only by Officer Gibson and one other officer. On June 17, 1980, plant material in seven clear plastic bags and six small envelopes was turned over to Mr. William Landrum of the State Department of Forensic Science in Montgomery, Alabama.
Mr. Alan Adair of the State Department of Forensic Science, testified that Mr. Landrum received the plant material and, six days later, Landrum turned the evidence over to him, Mr. Adair. Adair analyzed the contents of the plastic bags and manila envelopes and found that they contained marijuana. Adair stated that when he received the items from Landrum they were in a sealed condition. On cross-examination, Adair acknowledged that he did not know where the marijuana had been kept when it was in the possession of Mr. Landrum for six days.
At the end of Adair's testimony, the State rested its case and the appellant took the stand in his own behalf and testified that he lived at the residence where the search warrant was executed. He stated that he did not know the marijuana was in his residence. He also testified that prior to the search he had been robbed and his house keys and car keys had been stolen. The appellant stated that he did not smoke or use marijuana.

I
The appellant contends that State's Exhibit No. 3, an envelope containing marijuana, was improperly introduced into evidence because the State failed to establish chain of custody. He argues that because of the "missing link and its duration, there is no reasonable probability" that the marijuana was in the same condition at trial as when it was submitted to Landrum, or even that it was the same marijuana.
In Sexton v. State, Ala.Cr.App., 346 So.2d 1177, 1180, cert. denied, Ala., 346 So.2d 1180 (1977), this court stated:
"To warrant the reception of an object in evidence against an objection that an unbroken chain of custody has not been shown, it is not necessary that it be proved to an absolute certainty, but only to a reasonable probability, that the object is the same as, and not substantially different from, the object as it existed at the commencement of the chain."
See Waters v. State, Ala.Cr.App., 360 So.2d 358, cert. denied, Ala., 360 So.2d 367 (1978).
In Bell v. State, Ala.Cr.App., 339 So.2d 96 (1976), this court observed that the purpose for establishing chain of custody is to show a reasonable probability that there has been no tampering with the item of evidence.
In the present case, the trial court overruled the defense objection to admitting the marijuana on the basis of Oury v. State, 53 Ala.App. 240, 298 So.2d 661 (1974), and on the testimony of Adair that he received the exhibit in a sealed condition.
Appellant contends that the present case is distinguishable from Oury v. State, supra. In Oury, law enforcement officers delivered an envelope containing narcotics to the State toxicologist's office for analysis. The envelope was turned over to Mr. Van Pruitt, who did not testify that the envelope was then delivered to a Mr. Kilbourne for chemical analysis. The court in Oury observed that, although Pruitt did not testify that he turned the envelope over to Kilbourne, Kilbourne stated that he took possession of the envelope in the laboratory, opened it, and dictated its contents to his secretary. Kilbourne then re-sealed the envelope and kept it in his possession until it was presented at trial. This court held in Oury that the identification and continuity of possession were sufficiently shown, affording ample assurance of the authenticity of the items submitted into evidence.
In our judgment, the facts in this case parallel those in Oury v. State, supra. Here, Adair testified that after the items were delivered to him in a sealed condition by Landrum, Adair analyzed the contents. There is not an iota of evidence that would indicate there was any tampering with the *816 envelope or its contents before it was given to Adair. Under these circumstances, we believe there is a reasonable probability that the material was in substantially the same condition as when it was first delivered to Landrum. If the six-day possession of the material by Landrum is perceived to be a "weak link" in the chain of custody, then a question of credit and weight exists rather than one of admissibility. McClary v. State, 51 Ala.App. 30, 282 So.2d 379 (1972) reversed on other grounds, 291 Ala. 481, 282 So.2d 384 (1973); King v. State, 45 Ala.App. 348, 230 So.2d 538 (1970). Therefore, it is our judgment that the items were properly admitted into evidence.

II
The appellant maintains that the trial court imposed an illegal sentence. He argues that prior to sentencing, he had, by written motion, requested a presentence report as per Rule (3)(a)(2) of the Alabama Rules of Criminal ProcedureTemporary Rules, which provides the following:
"Felony offenses. On motion of the court or written motion of either party, the court shall require a written report of a presentence investigation of a defendant convicted of a felony, and such defendant shall not be sentenced or otherwise disposed of before such report had been presented to and considered by the court."
We have examined the record and have found that immediately after the jury returned with its verdict on February 12, 1981, the appellant was sentenced. The record reveals that appellant's motion for presentence report was also filed and denied on February 12, 1981, but the record does not indicate whether the motion was filed before or after sentence was imposed. Therefore it is our judgment that the cause must be remanded to the Montgomery Circuit Court to determine when the motion requesting the presentence report was filed and considered by the court. We direct the trial court to prepare a record of the hearing at which this issue is determined and submit it to this court within a reasonable time.
REMANDED WITH DIRECTIONS.
All the Judges concur.

ON RETURN TO REMAND
DeCARLO, Judge.
Pursuant to our request that the trial court determine the timing of appellant's request for a pre-sentence report, the Montgomery Circuit Court found the following:
"[T]he court having examined the transcript in this case and having searched its independent recollection in this matter, the court is of the opinion that the request for pre-sentence report occurred subsequent to the sentencing in this case and was untimely."
We have searched the record and have found no error. Appellant's conviction and sentence for possession of marijuana after a prior drug conviction are hereby affirmed.
AFFIRMED.
All the Judges concur.