TYSON, Judge.
Willie Etonia Lewis was indicted for and convicted of the robbery of Perkins Jewelers in Birmingham. The trial court set sentence at 25 years’ imprisonment.
On December 17, 1979, two black men, one armed with a pistol and the other armed with a sawed-off “rifle”, entered Perkins Jewelers and forced Ms. Billie Stovers, an employee, to give them a number of men’s rings which were on display. The same two men, who were unmasked on both occasions, had been in the store earlier looking at these rings. Ms. Stovers had assisted them on their first visit and was face-to-face with both men during the robbery.
After the robbery Ms. Stovers gave a description of both men to the police and several months later identified both from a photographic lineup. She also made a positive in-court identification of appellant.
Mr. Perkins and Mrs. Purser, two other employees of the jewelry store, were also in the store at the time of the robbery but did not have the same opportunity to observe the robbers because they were forced to lie face down on the floor. Nevertheless, Mr. Perkins was able to give a description to the police and to identify the appellant from the photographic lineup, and both he and Mrs. Purser identified appellant in court.
The appellant does not challenge the sufficiency of the evidence on this appeal.
I
Appellant contends that this conviction should be reversed “for lack of a formal adjudication of his guilt” by the trial court.
The record (R. 236) reveals that at the sentencing hearing the trial court stated that “[i]t is the judgment and sentence of this Court that you be imprisoned in the penitentiary for a term of 25 years.” (Emphasis supplied). Furthermore, the minute entry (R. 244) states that based on the unanimous jury verdict “[i]t is the judgment of the Court that said defendant is adjudged guilty as charged in the indictment ...”
Notwithstanding appellant’s arguments to the contrary, the adjudication of appellant’s guilt was adequately stated by the trial court as evidenced in the judgment entry by the clerk. See Allred v. State, 35 Ala.App. 66, 43 So.2d 758 (1950); Duck v. State, 38 Ala.App. 652, 92 So.2d 55 (1957). See also Mikell v. State, 242 Ala. 298, 5 So.2d 825 (1941).
II
The appellant also contends that the trial court erred in denying his motion to exclude the in-court identifications of the appellant by the three eyewitnesses to the robbery. He claims that only Ms. Stovers was able to describe the robbers on the day of the crime and that her description of appellant at that time was inaccurate. Furthermore, he insists that when Ms. Sto-vers and Mr. Perkins identified appellant in a photographic lineup, said lineup was im-permissibly “suggestive” because in that picture appellant’s arm was in a sling. Finally, he implies that the in-court identifications were also “tainted” because the three witnesses did not have sufficient opportunity to observe the men during the robbery.
Appellant’s factual assertions on appeal are somewhat misleading on this issue. Both Ms. Stovers and Mr. Perkins testified that they gave descriptions of both robbers to the police. They, likewise, testified that they did not describe appellant as “bald” (the inaccuracy noted by appellant) but merely told investigators that he had a “receding” hair line. All three eyewitnesses testified that they clearly observed the appellant either during the robbery or earlier that day when the same two men were in the store “looking at” men’s rings. Mrs. Purser explained that the only reason she did not make an identification during a photographic lineup, was because she was not certain that the picture she recognized was appellant.
However, all three eyewitnesses made positive and unequivocal identifications of the appellant at trial and testified that said identifications were based on their observations on the day of the robbery.
*476 Having reviewed these circumstances and the entire record, we have concluded that the photographic identifications were not so “suggestive”, if at all, as to create a risk of “irreparable misidentification.” See Simmons v. United States, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968). The identifications at trial were, therefore, admissible and any defects or inconsistencies with pretrial descriptions or identifications of appellant went to their weight and credibility, in this instance. Simmons v. United States, supra. Childers v. State, 339 So.2d 597 (Ala.Cr.App.), cert. denied, 339 So.2d 601 (Ala.1976); Lomax v. State, 359 So.2d 832 (Ala.Cr.App.), cert. denied, 359 So.2d 836 (Ala.1978); Merchant v. State, 384 So.2d 627 (Ala.Cr.App.), cert. denied, 384 So.2d 632 (Ala.1980); Altman v. State, 399 So.2d 928 (Ala.Cr.App.1981).
There being no error of record, this case is due to be and is, hereby, affirmed.
AFFIRMED.
HARRIS, P. J., and DeCARLO and BOWEN, JJ., concur.