Appellant was convicted of attempted first degree rape and sentenced to fifty years in the penitentiary. He now brings this appeal.
Appellant first argues that pre-trial photographic identifications made by the State's witnesses were tainted. In support of his contention, appellant asserts that the witnesses were initially shown only two black and white photographs. It should be pointed out, however, that despite appellant's assertions, the record is not clear as to the number of photographs displayed to the witnesses during the initial identification. Additionally, whether appellant's photograph was among those displayed was never established at trial. Finally, one of the State's two witnesses did not even make an identification at that time and the other was unsure of the identification she made. There is nothing in the record to indicate that the procedures used by the police were suggestive, and the mere fact that a small number of photographs were used during the photo spread will not in and of itself taint the results of that spread. Altman v. State,399 So.2d 928 (Ala.Cr.App. 1981).
The next issue is whether the State proved venue. Sufficient proof of venue was made through the testimony of witness Mary Rice who, upon examination by District Attorney Johnston, stated:
"Q. You work here in Fayette County?
"A. Yes, sir.
"Q. Where are you employed?
"A. Fayette County Nursing Home.
". . . .
"Q. Did you work there in June of this year?
"A. Yes, sir." *Page 957 
The incident in question occurred at the Fayette County Nursing Home. When the State offers evidence tending to show that the crime was committed within the jurisdiction of the court, the question becomes one for the jury. Willcutt v. State, 284 Ala. 547, 226 So.2d 328 (1969).
The next issue involves the sufficiency of the evidence offered to prove the offense charged in the indictment. The indictment reads in pertinent part that "Willie Curt Walker did with intent to commit the crime of Rape in the first degree . . . attempt to engage in sexual intercourse with Cora Haley, a female, by forcible compulsion. . . ." Witness Sara Moore testified that she heard screams coming from one of the rooms in the nursing home and so proceeded to look for the source. She came to the room of Cora Haley, now deceased from natural causes, and saw a man on the bed with her. She further testified that Mrs. Haley's clothes were pulled up above her neck, a pillow was over her head, the door to the room was tightly shut when it should not have been, and the man's pants were unbuttoned. The evidence from this witness alone was certainly sufficient to prove a prima facie case.
Appellant next argues that his motion for a new trial was improperly denied because the evidence was not sufficient for the jury to find him guilty beyond a reasonable doubt and because there existed newly discovered evidence. In this case, the appellant used the defense of alibi and presented a strong case in support of his alibi. The testimony of his witnesses was in direct conflict with the testimony of the State's witnesses. Yet, the State's witnesses made a positive identification of appellant as the man they saw leaving Mrs. Haley's room after the attack. The State presented sufficient evidence upon which the jury could base its verdict. Willcutt, supra.
Appellant's assertion that there was newly discovered evidence revolves around the fact that another man, similar in appearance to appellant, was seen at the nursing home that night by some of the employees but that these same employees never saw appellant. First, it should be noted that the State's witnesses were shown the second man shortly after the incident occurred, and they concluded that he was not the man in Mrs. Haley's room. Secondly, the fact that this second man was present at the nursing home that night was known by almost everyone involved in the case, and testimony in regard to his presence could have been discovered prior to trial through minimal diligence. The granting of a motion for new trial based on newly discovered evidence rests within the discretion of the trial court. Page v. State, 273 Ala. 5, 130 So.2d 227 (1961). There was no abuse of that discretion here.
The last issue raised was that the State failed to lay a proper predicate before allowing a witness to refer to notes. However, C. Gamble, McElroy's Alabama Evidence § 116.02 (6) (3d ed. 1977), says "A witness may refer to a writing for the purpose of refreshing his recollection without first, as a condition precedent, having shown that it is necessary for his recollection to be refreshed." Appellant also complains that he was not allowed to see the notes, but that issue was not properly preserved as there was no adverse ruling by the court.
For the foregoing reasons, the judgment of the lower court is due to be affirmed.
AFFIRMED.
All the Judges concur. *Page 958