BOWEN, Presiding Judge.
Debra Yates was convicted of the unlawful possession of marijuana and sentenced to two years’ imprisonment. She raises two issues on this appeal from that conviction.
I
Initially, the defendant argues that the State failed to prove a proper evidentia-ry chain of custody for the bag of marijuana seized from her residence. We disagree.
Doug White, an undercover agent for the Alabama Alcoholic Beverage Control Board, testified that he and Randall Duncan went to the defendant’s residence and purchased a bag of marijuana from the defendant on March 25, 1987. White labeled the bag by “[p]utt[ing] a piece of paper with the defendant’s name and the date and time and amount of purchase — in the bag,” and delivered it to Tellis Hudson at the State Forensics Lab in Auburn.
Taylor Noggle, a criminalist employed at the lab, testified that he received the plastic bag from Hudson on March 26, 1987. Noggle noted that there were no identifying marks on the bag when he received it, although he specifically identified the bag as the one delivered by ABC agent White on March 25,1987. Noggle was not asked, and did not testify, whether or not he found any identification paper inside the bag. Noggle placed the bag in his evidence locker where it remained until the contents of the bag were analyzed on April 2, 1987. After determining that the bag contained 2.42 grams of marijuana, Noggle returned the bag to his locker, where it remained until sometime after April 14,1987, when it was returned to Agent White. White testified that his identification paper was not inside the bag returned to him. White kept the bag in his evidence locker until the defendant’s trial. At trial, White and Nog-gle identified the bag of marijuana as being in substantially the same condition as when received.
The defendant contends that there is a break in the chain of custody of the bag because Noggle did not observe any identifying marks on the bag when he received it, and because there was a lapse of time between the time he received the bag and delivered it to Noggle. These two factors do not constitute “breaks” in the chain of custody.
*433 In Lowery v. State, 452 So.2d 897, 898-99 (Ala.Cr.App.1984), this Court set out the legal principles involved in establishing a chain of custody. We need not reiterate those principles here, it being sufficient to note, as was stated in Ex parte Williams, 505 So.2d 1254, 1255 (Ala.1987), that “[t]here [was] no break in the chain of custody, because the testimony contained in the record accounts for each successive step in'the handling of the evidence from the time it was seized until the time of trial.”
At best, Hudson’s one day delay in delivering the bag to Noggle constituted only a “weak link” in the chain of custody. Coleman v. State, 411 So.2d 814, 816 (Ala.Cr.App.1981) (6 day delay). Under the circumstances of this case, the fact that Hudson did not testify is insignificant. Lowery, 452 So.2d at 898-99; Oury v. State, 53 Ala.App. 240, 245, 298 So.2d 661 (1974). Even though Noggle did not discover the identifying paper White testified he had placed in the plastic bag, that bag was adequately identified at each link in the chain of custody to afford ample assurance of its authenticity. Thomas v. State, 520 So.2d 223, 225 (Ala.Cr.App.1987); Williams v. State, 375 So.2d 1257, 1267 (Ala.Cr.App.1979), writ denied, Ex parte Williams, 375 So.2d 1271 (Ala.1979). For these reasons, we find that the bag of marijuana was properly admitted into evidence.
II
The defendant argues that a continuance of her trial should have been granted in order to allow defense counsel adequate time to question and investigate the testimony of Randall Duncan. At trial, Agent White testified that Duncan was “the confidential informant,” that he was present at the defendant’s residence, that he introduced White to the defendant and her husband, and that Duncan was present when the defendant sold White the marijuana.
Prior to trial, defense counsel filed a motion for discovery seeking the identity of the “material witness” who was present with Agent White at the time of the sale. This motion was initially denied. On the afternoon of the day before the defendant’s trial, a different circuit court judge granted the motion and . ordered the State to disclose the witness’s identity. The trial judge then ordered the State to “make this informant, this individual, available in person to the Defendant’s counsel no later than 5:00 p.m. this afternoon. And, if he needs further consultation with this person, on his request at 8:00 a.m. tomorrow morning prior to trial beginning at 9.” The prosecution informed the trial judge that it did not intend to call Duncan as a witness.
Defense counsel requested a continuance of “at least several days” for further preparation due to the facts that he had only been informed that Duncan was the “material witness” and that Duncan had refused to talk to him. The trial judge stated that he would not be “inclined to grant a continuance, absent testimony from the Defendant that this individual [was] not previously known prior to this time.”
A hearing was held to determine whether or not the defendant was “prejudiced to the necessity of a continuance by only now learning the name of the alleged confidential informant.” After consultation with defense. counsel, the defendant took the witness stand and testified that either after or upon her arrest she was told by a law enforcement officer that there was an informant. The defendant stated that she thought the informant was Randall Duncan, that on the night before she was arrested Duncan came to her house and told her sister and her father “something about a man he brought down there was an undercover agent or a state man”; and that Duncan’s sister told her that Duncan was “bad” to “turn people in for no reason.” The defendant also testified that Duncan was not at her residence on the date of the crime, and that she thought all this had to do with her sister’s case.
Deputy Sheriff Charlie Harris testified that the defendant told him that she knew that Duncan was the one who had turned her in.
Randall Duncan testified that he did not know Doug White, and that he had not told anyone he was a witness or informant in the defendant’s case. Duncan did not testify at trial.
*434 At the conclusion of the hearing, the trial judge found “from the testimony of the Defendant and the Sheriff’s Deputy, [that] the Defendant had knowledge that this individual was involved in this case and did, in fact, state his name to the Sheriffs Deputy. And, for this reason, has not been prejudiced by only receiving his name today. She has had the name in June or July of this year and, therefore, the Motion to continue is denied.”
Requests for a continuance on the grounds “that counsel had not sufficient time in which to prepare and make defense and locate certain persons ... are addressed to the sound discretion of the trial court and the exercise thereof is not subject to review except for gross abuse.” Smith v. State, 282 Ala. 268, 275, 210 So.2d 826 (1968). “A defendant appealing the denial of a continuance must demonstrate a clear abuse of the trial judge’s discretion and make a specific showing of prejudice.” Tucker v. State, 429 So.2d 1165, 1169 (Ala.Cr.App.1983).
Here, the defendant’s sister, Johnna, testified that she sold marijuana to Doug White on March 21st and that Duncan was present at that time but that no one sold any marijuana to White on March 25th. Johnna, who had been indicted, told the defendant that Duncan was the informant on her case. The defendant testified that the only time she had seen Agent White was on the day of her arrest, that she was in Anniston on March 21st, that she did not sell any marijuana to anyone on March 25th, and that her brother had pleaded guilty “in his case.” Our review thoroughly convinces us that the defendant has failed to make a specific showing of prejudice in this case. See Walker v. State, 445 So.2d 955, 957 (Ala.Cr.App.1983).
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.