11 So.2d 393

**FROST v. STATE.**

**4 Div. 733.**

Court of Appeals of Alabama.

Jan. 12, 1943.

McDowell & McDowell, of Eufaula, for appellant.

Wm. N. McQueen, Atty. Gen., and Bowen W. Simmons, Asst. Atty. Gen., for the State.

BRICKEN, Presiding Judge.

Appellant (defendant below) was tried and convicted, upon an indictment (2nd count) which charged that he did distill, make or manufacture alcoholic or spirituous liquors or beverages, contrary to law, etc. His punishment fixed by the court was imprisonment in the penitentiary for a period of thirteen months. Judgment of conviction was duly and legally pronounced and entered, from which this appeal was taken.

On the trial the corpus delicti of the offense charged was proven without dispute or controversy; and in this connection the testimony of each of the State's witnesses was to the effect that Shine Frost, appellant, was the person operating the still. They each testified, in substance: "There wasn't anybody at the still when I got there. When I got there I examined the beer, and we got off from the still some little distance and waited there. We concealed ourselves. We saw somebody come to the still. Shine came to it. This defendant, Shine Frost. I am positive that he came to that still. When he got to the still he cleaned his condenser out, washed it out, and put his beer in it and got some wood, and he built a fire around it; he set it up and then built his fire around it; but before he built the fire he gathered some wood all around the still; and after he got his fire going good—he had a big fire around it—he come out below us and started to gathering wood and picking it up and he had an armful, and he kept on until he got close to us and he saw us and he ran and he ran back by the still and as he ran by the still he pushed it over, just pushed the condenser with the beer in it over, and got away from us (indicating defendant).

612

I am sure this is the man. Now, when he came there he brought one or two one-gallon jugs and a small keg with him, a five gallon keg. I later smelled the keg, I didn't the jugs. The first thing he did after he got there was to clean out the still, and I saw him pour the beer in it, and build the fire and go get wood and then go back up, there. There was not anybody there with him. He was the only one. He was not caught by anybody when he ran. It was some six or eight months later when he was arrested. We did look for him all during that time. The effort we made to find him was to look in Eufaula and out there where he lived and we couldn't find him. That's all I know about the case." And on redirect examination the officers testified: "When he come there there wasn't any beer in the still but he washed the condenser out and then put the beer in there. I saw him put thirty or forty gallons in it. When he pushed the still over about half of the beer come out; the way he had it fixed and the way he had the drum settin' on it, it just fell between two of the bars and about half of the beer wasted out. Yes, sir, I examined the remaining beer in the still. Yes, sir, it was ready to run, it was boiling. Yes, sir, something was coming out of that still. Whiskey."

The defendant, in testifying in his own behalf, denied all knowledge of and connection with the still, and stated on the exact day and time in question he was in the City of Birmingham, some 150 miles distant. He further denied he had fled from the community as the testimony of the State tended to show. He offered the testimony of two other witnesses, one his mother, and Miriam Maroney, each of whom testified to facts tending to corroborate the defendant on the question of his alibi.

As will be noted, the evidence in this case, supra, was in sharp and irreconcible conflict, presenting therefore a case for the jury to determine. The trial judge so held and was correct in so doing.

Pending the trial a few objections were interposed and exceptions reserved to the adverse rulings of the court. Each of these exceptions has been noted and carefully considered by this court. We find them so clearly free from merit it is not deemed essential to discuss them in detail. Each of the court's rulings, to which exceptions were reserved, are approved, there being no error apparent in any of them.

The motion for a new trial was properly overruled. Nothing new was presented by said motion as the grounds upon which it was predicated were but the repetition of the several points of decision which occurred upon the main trial.

It is the opinion of this court that the testimony adduced upon the trial was ample, and sufficient, to warrant the jury in the verdict returned in this case; also, to support and sustain the judgment of conviction pronounced and entered. Said judgment is affirmed.

Affirmed.