MORRIS *v.* ART'S ARMY STORE, et al.

No. 39984          February 27, 1956          85 So. 2d 581

*Wm. Estopinal,* Gulfport, for appellant.

*Morse & Morse,* Gulfport, for appellees.

ETHRIDGE, J.

Appellant, Mrs. Olivia Morris, received on May 22, 1952, an injury which arose out of and in the course of her employment for appellee, Art's Army Store. A piece of wood used to prop a shelf in the employer's premises fell and struck appellant on the left side of her head while she was working as a seamstress. She received temporary total disability benefits under the Workmen's Compensation Act until January 14, 1953, when they were terminated by appellees. Mrs. Morris, asserting that she suffered a permanent total disability, filed the present claim for compensation benefits on March 18, 1953. The question at the hearing before the attorney-referee was whether claimant's present condition arose out of her employment, that is, whether her present condition has any connection with the head injury received by her while she was working.

The attorney-referee found that both doctors who testified stated that there was no causal connection between claimant's injury of May 22, 1952 and her present disability; and that claimant is still totally disabled, but the evidence was wholly insufficient to prove causal connection between her present disability and the head injury she received on her job. Hence the attorney-referee denied appellant's application for further compensation benefits. The Workmen's Compensation Commission affirmed the attorney-referee's order, and this action was affirmed by the Circuit Court of Harrison County.

The order of the commission is supported by substantial evidence, and in fact by the overwhelming weight of the evidence. Dr. J. R. Foster, who was offered as a witness by appellant, testified that he examined her two days after the accident on May 22, 1952, and there was no evidence of fracture or any trauma or swelling on

her head at that time. He concluded that she had had a contusion only. Her symptoms, imbalance, severe headaches and pain in her eyes, are now in his opinion caused by a spontaneous cerebellar degeneration. He was of the opinion that appellant's present condition has no relation to and was not attributable to the accident which occurred on May 22, 1952.

Dr. John A. Colclough, of New Orleans, a specialist in neurological surgery, testified about hospitalizing appellant for ten days for the purpose of making a detailed neurological examination of her, and of the numerous tests which he made. He was of the opinion that she is now suffering from a disease which is not related in any way to the accident on the job, and that she is suffering with cerebellar atrophy, or a shrinkage of the cerebellum, a part of the brain; that this is a disease which occurs in the pre-senile years of some persons; that in his opinion it is not possible that the accident of May 22 could have had any connection whatever with appellant's present condition resulting from cerebellar atrophy. ▪▪ ▪ This medical testimony is uncontradicted. So this record shows that appellant's present condition has no connection with the accident which happened at the store.

Hence the commission was correct in denying compensation. Thornton v. Magnolia Textiles, Inc., 55 So. 2d 172 (Miss. 1951), and Smith v. St. Catherine Gravel Co., 220 Miss. 462, 71 So. 2d 221 (1954), are somewhat similar in principle to the present case. Reyer v. Pearl River Tung Co., 219 Miss. 211, 68 So. 2d 442 (1953), involved an entirely different factual situation. In that case there was no testimony for the employer to contradict the claimant's undisputed testimony that she was still suffering from her injury.

Affirmed.

*McGehee,* C.J., and *Lee, Holmes* and *Arrington,* JJ., concur.