203 So.2d 684

**Eddie HAMILTON, Jr.**

v.

**STATE of Alabama.**

I Div. 421.

Supreme Court of Alabama.

Nov. 9, 1967.

Thos. M. Haas, Mobile, for appellant.

MacDonald Gallion, Atty. Gen., and Robt. F. Miller, Asst. Atty. Gen., for the State.

COLEMAN, Justice.

Defendant appeals from conviction for murder in the second degree.

Evidence for the state tends to show that defendant, a man, and deceased, who was a woman, and defendant's brother and another woman, lived together in a house in Mobile; that none of these four persons were married to each other; that deceased and defendant slept together in the same bed; that about 2:30 p. m. on a day in February, 1966, defendant stabbed deceased nine times with a butcher knife, and that deceased died as the result of the wounds.

Defendant pleaded not guilty and not guilty by reason of insanity. Evidence for defendant tended to prove that deceased was a strong woman and larger than defendant; that deceased was a person who

281 Ala.—29

became angry and violent quickly and easily; that, in August of 1965, deceased had stabbed defendant in the back six times with a different butcher knife; that, since defendant was five years old, he would, on occasions, have severe headaches which were sometimes accompanied by violent acts; that on one occasion, he pulled the telephone off the wall and threw it out into the yard; that defendant took medicine for the headaches; that he stuttered and stammered; that after the headaches had passed defendant would not remember what he had done.

Defendant argues that the trial court made three errors.

■ During defendant's cross-examination of a witness for the state, i. e., the other woman who lived in the house with defendant and deceased, the district attorney stated that deceased had been a client of the attorney who was representing defendant.[1] Defendant argues that the court erred in denying defendant's motion for new trial because the district attorney's remark improperly infringed on defendant's right to counsel.

1. The following occurred during cross-examination:

"MR. HAAS: Where was she (deceased) when she wasn't home? (Par. Added)

"A Well, here and there.

"Q Here and there in jail, wasn't she?

"A Yes, sir.

"Q For getting drunk and having fights and for stealing, isn't that right?

"MR. BRUTKIEWICZ: Object.

"THE COURT: Sustain the objection; the record would be the best evidence, Mr. Haas; I sustain the objection.

"MR. BRUTKIEWICZ: As I recall, she was one of your clients, Mr. Haas.

"THE COURT: All right; let's get back to the case.

"MR. HAAS: Now, Judge, unfortunately, that little side remark—I'm going to have to ask the Court—

"THE COURT: I'm not going to put up with those side remarks; we are not going to try it under that atmosphere; it's hard enough to try it on legal aspects, and I'll give you all I have on law, but I'm not going to give either one of you thirty seconds on snide remarks.

We do not agree. The district attorney's remark was improper and uncalled for. There was no evidence that deceased had been a client of defendant's attorney. Whether she had been such a client was wholly irrelevant and immaterial to the issues in the instant case. The district attorney should not have made the statement and the court properly instructed the jury to disregard the statement. We cannot, however, conceive how the statement could cause any injury or prejudice to defendant, and, for that reason, are of opinion that the court did not err in overruling defendant's motion for mistrial.

■ Defendant argues that the court erred in overruling defendant's objections in several instances to questions propounded by the state to nonexpert witnesses asking whether defendant appeared to be disturbed or emotional, whether his conversation appeared to be intelligent, whether defendant acted normally or other than normally, whether he gave the appearance of being sane or insane, and whether defendant had "any trouble using the telephone."

"MR. HAAS: Judge, unfortunately, I must ask the Court, since the District Attorney just made a remark to the effect that 'she was one of your clients', I believe he said; unfortunately, I must ask that the Court instruct the jury that that is not legal evidence; it's not proper; it's not a fact for them to consider, if it be a fact; I ask for some instruction on that.

"THE COURT: Motion granted. Gentlemen, the lawyers are starting off to make some sidebar remarks, and I've done all I could to just end them right now. So, from here on out, I expect that the case will be conducted in a legal manner, and you are to disregard any statement the District Attorney made. Go ahead, sir.

"MR. HAAS: If the Court please, in order to perform my function, I would ask the Court, in view of the remark of the Assistant District Attorney that the defense counsel was the attorney for the deceased, and that remark having been made in front of the jury, I would ask the Court to grant a mistrial?

"THE COURT: Motion denied."

Defendant states in brief that the error most clearly shown is the court's allowing the witness to answer the question "did he give the .appearance of being sane or insane"; the answer of the witness being: "in my opinion, he appeared to be sane."

The grounds of objection stated to the trial court were that the questions called for a conclusion of the witness and invaded the province of the jury. We are of opinion that the stated grounds of objection are not well taken.

Witnesses, whether expert or nonexpert, may express their opinion as to the sanity or insanity of defendant on trial for crime. Parrish v. State, 139 Ala. 16, 42, 36 So. 1012; George v. State, 240 Ala. 632, 636, 200 So. 602.

"Witnesses may always be allowed to testify as to the appearance and emotions of other persons. See Parrish v. State, supra, 139 Ala. at page 45, 36 So. at page 1021; wherein this court also said:

"The objections to the. statements of the witness that the defendant 'seemed all right,' that 'he talked rational,' etc., were properly overruled. Such expressions were admissible under the rules we have announced, and for the further reason that they were admissible to show the appearance, emotions and condition of the mind of the defendant. Gardner v. State, 96 Ala. 12, 11 So. 402; Thornton v. State, 113 Ala. 43, 21 So. 356, 59 Am. St.Rep. 97." (139 Ala. at page 46, 36 So. at page 1022)

The third ground of error argued by defendant is that the court erred in overruling defendant's objection to a statement made by the district attorney in argument to the jury as follows:

"MR. BRUTKIEWICZ: In order for insanity to be enough of a defense to cause the complete acquittal, so far as criminal prosecution of this Defendant is concerned, it must be a—"

It is apparent that the quoted statement is incomplete. As it appears in the record, we are of opinion that the statement cannot be held to be harmful to defendant.

We hold that error has not been shown and that the judgment should be affirmed.

Affirmed.

LIVINGSTON, C. J., and LAWSON and GOODWYN, JJ., concur.