248 So.2d 153

**In re Jorge A. LAZARTE**

v.

**CITY OF MOUNTAIN BROOK.**

Ex parte Jorge A. Lazarte.

6 Div. 834.

Supreme Court of Alabama.

May 6, 1971.

McCollough & McCollough, Birmingham, for petitioner.

Ritchie & Rediker, Birmingham, for respondent.

MADDOX, Justice.

Jorge A. Lazarte filed his petition for a writ of certiorari to the Court of Criminal Appeals and the writ was granted on February 16, 1971.

On October 6, 1970, the Court of Criminal Appeals affirmed Petitioner's judgment of conviction in the Circuit Court of Jefferson County, Alabama, 248 So.2d 148. Lazarte argues here that the opinion of the Court of Criminal Appeals is inconsistent with a prior decision of this Court on the subject of quotient verdicts.

We affirm the Court of Criminal Appeals, but point out one sentence in the opinion of that court which could be misleading. In the majority opinion of the Court of Criminal Appeals, it is stated as follows:

> "To establish a quotient verdict, the appellant must submit evidence from which a fair inference may be drawn that the jury through an antecedent agreement bound themselves to abide by the results of the quotient process."

The respondent, City of Mountain Brook, concedes that, read literally, the sentence above quoted from the opinion of the Court of Criminal Appeals does not seem to state the law of Alabama, as enunciated by this Court, accurately with respect to quotient verdicts.

The rule has long prevailed in Alabama that, when there are shown figures used by a jury in its deliberations from which a fair inference may be drawn that the verdict was quotient, the court will so hold, and that it was the result of a previous agreement unless the contrary is shown. See Mobile & O. R. Co. v. Watson, 221 Ala. 585, 130 So. 199 (1930) and the many cases therein cited.

The opinion of the Court of Criminal Appeals shows that the memoranda or data allegedly used by the jury were not in the record before that Court. The Court of Criminal Appeals noted:

> "It is not clear from the transcript of the testimony how many slips of paper there were in all or how many of each

kind there was. It is not clear whether there were slips of paper indicating any process of addition or division. The slips of paper in evidence were not sent to this court and cannot now be obtained, apparently having been lost."

Under the rules which govern our review of the decisions and judgments of the Court of Criminal Appeals, we would not be justified in interfering with that Court's action in this case.

We make no comment on any aspect of the opinion of the Court of Criminal Appeals other than that portion dealing with quotient verdict since the petition for certiorari raised only the quotient verdict question.

The judgment of the Court of Criminal Appeals is due to be affirmed.

Affirmed.

HEFLIN, C. J., and LAWSON, SIMPSON, MERRILL, COLEMAN, HARWOOD, BLOODWORTH and McCALL, JJ., concur.