326 So.2d 301

**Jerry Lee TRUSSELL**

v.

**STATE.**

**6 Div. 985.**

Court of Criminal Appeals of Alabama.

Jan. 20, 1976.

William J. Baxley, Atty. Gen., and Jack Merrill Curtis, Asst. Atty. Gen., for the State, appellee.

J. Wilfred Tucker and Hayden R. Battles, Cullman, for appellant.

BOOKOUT, Judge.

Grand larceny; sentence: six years imprisonment.

Harold Mayo testified that he owned a gun shop in Cullman where the larceny in question occurred on June 15, 1974. He was the only witness during the trial.

Around 5:15 P.M., that date, Wallace and Cecil Trussell and the appellant entered the shop separately, a few minutes apart. Mayo knew Wallace and Cecil, but not the appellant. While the three were in the shop, Mayo's telephone rang and he went into his office to answer it. He saw the appellant leave the shop at that time. Wallace was then standing in the northwest corner of the shop by a soft drink machine and a gun rack. The appellant had just walked over to the drink machine next to Wallace Trussell when Mayo heard the telephone ring. Cecil was in the rear of the shop, in the southeast corner, look-

ing at some displays. No one was on the telephone when Mayo answered it, but while he was in the office he saw the appellant pass by the show window, outside the store.

Mayo went back into the front of the shop and a moment later, the appellant came back into the store. The telephone began to ring again, and as Mayo headed for the office, he noticed Wallace Trussell take another gun and lay it on the counter. Mayo went to his office, got his pistol, came back and confronted the three, telling them to stay where they were. The appellant and Wallace Trussell ran out the door and in opposite directions. Mayo ordered Cecil Trussell to lie on the floor and then chased Wallace a short distance. Mayo saw a Browning automatic shotgun slip from under Wallace's pants leg and hit the floor as he reached the door. Wallace, with the shotgun hidden in his pants leg, outran Mayo and escaped.

Mayo never saw the appellant with a gun at any time. The only evidence connecting him with the larceny is circumstantial. The most substantial of which was from Mayo's direct examination as follows:

"Q. . . . Did you recognize which gun it was that you described that Wallace Trussell took from your gun rack and laid on your counter just before you went into your office the first time?

"A. I couldn't tell from the office what it was, but it was an over-and-under.

"Q. That was the over-and-under?

"A. The first time, yes, sir.

"Q. And then you came back out and this defendant and that gun were gone?

"A. Yes, sir.

"Q. Then this defendant came back in?

"A. Yes, sir.

"Q. And then could you recognize then after he came back and you saw Wallace Trussell take the other gun from the thing, did you recognize that gun?

"A. Yes, sir.

"Q. Know which one it was?

"A. I knew where the—which the second one was.

"Q. Which was the second one?

"A. Browning double automatic.

"Q. And is that the gun that he had in his britches leg going outside the door?

"A. Yes, sir.

"Q. Have you ever seen that gun since?

"A. No, sir.

"Q. What was the value of the first gun you described there? I believe it is a Browning automatic.

"A. Between three and three hundred and fifty dollars.

"Q. And what is the value of the twenty gauge Ithaca?

"A. Four hundred dollars.

"Q. And they had a total value of what then?

"A. Seven-fifty."

At the conclusion of Mayo's testimony, the defense made a motion which counsel termed as a "motion that the State's evidence be struck—failure to prove a prima facie case," and which the court in denying termed as a "motion to suppress." The defense then rested. There was no exception to the court's oral charge and no requested charges; however, appellant's motion for a new trial raised the sufficiency of the evidence and challenged the correctness of the trial court's denial of the motion to exclude the State's evidence. The sufficien-

cy of the evidence is, therefore, before this Court for review.

The State quotes from *Poole v. State,* 28 Ala.App. 37, 178 So. 238, cert. denied 235 Ala. 216, 178 So. 240 (1937):

"The crime of larceny is secret in its nature, and frequently must be proven by circumstances which taken by themselves would be insufficient to connect the defendants with the crime, but coupled with other facts, surroundings, and conditions, may authorize the jury to draw inferences which point directly to the defendants as the guilty agents. . . ."

This Court, in testing the sufficiency of the evidence, is not bound as a jury, to believe the evidence beyond a reasonable doubt and to a moral certainty in order to affirm the conviction. Rather, we must determine if there was legal evidence from which the jury could by fair inference find guilt. If so, we have no right to disturb the verdict. *Haggler v. State,* 49 Ala.App. 259, 270 So.2d 690 (1972).

A conviction may be based on evidence which is solely circumstantial. *Creel v. State,* 53 Ala.App. 504, 301 So.2d 267 (1974); *James v. State,* 22 Ala.App. 183, 113 So. 648 (1927). And, our Supreme Court has stated that:

"The rule is clearly established in this State that a verdict of conviction should not be set aside on the ground of the insufficiency of the evidence to sustain the verdict, unless, after allowing all reasonable presumptions of its correctness, the preponderance of the evidence against the verdict is so decided as to clearly convince the court that it was wrong and unjust. . . ." *Bridges v. State,* 284 Ala. 412, 225 So.2d 821 (1969).

Here the jury was told that three men, all named Trussell, entered Mayo's shop a few minutes apart. Mayo saw one examining a gun and lay it on the counter. Mayo's telephone rang, and as he left to answer it, he saw appellant leaving the shop and saw him pass by the office window. He saw appellant reenter the shop moments later, and the gun was missing. Mayo saw the same man take another gun and lay it on the counter as his telephone rang a second time. He got his pistol and confronted the three Trussells.

Wallace Trussell had the second gun partially concealed in his pants leg. Both appellant and Wallace Trussell ran. There was no evidence that anyone else had entered or left the shop at the time the first gun was taken or became missing. The only reasonable inference the jury could draw was that the appellant had taken it and then came back to take, or assist in taking, the second gun.

The State did not prove any kinship between the three Trussells, but again, under the circumstances, it would be reasonable for the jury to infer that they were kin, and that they were accomplices pursuant to Title 14, § 14, Code of Alabama 1940.

We find ample evidence from which the jury could by fair inference find the appellant guilty of the larceny of the guns as charged in the indictment. The fact that only one witness testified does not render the evidence any less cogent. As we have often stated, we do not travel on the numerical number of witnesses in our judicial system, and that a fact may be established as firmly by the testimony of one witness as by the testimony of an entire community. *Haggler,* supra; *Gray v. State,* 38 Ala.App. 508, 88 So.2d 798 (1956). The evidence here raised questions of fact for the jury and we, therefore, are unable to disturb their verdict. *Young v. State,* 283 Ala. 676, 220 So.2d 843 (1969).

Affirmed.

All the Judges concur.