326 So.2d 660

**Alfred HALL**

v.

**STATE.**

**6 Div. 991.**

Court of Criminal Appeals of Alabama.

Feb. 3, 1976.

Knopf & Wright, Birmingham, for appellant.

William J. Baxley, Atty. Gen., Montgomery, and Randolph P. Reaves, Birmingham, Asst. Atty. Gen., for the State.

HARRIS, Judge.

Hall was convicted of robbery and the jury fixed his punishment at ten years imprisonment in the penitentiary. With counsel at arraignment he pleaded not guilty. After sentence he gave notice of appeal and he was furnished a free transcript and new counsel was appointed to represent him on this appeal.

The evidence for the State was not disputed that on November 10, 1973, at approximately 6:00 p. m., Mr. James Darwin Norris, Assistant Manager of the Site Service Station located at 4111 First Avenue North in Birmingham, Alabama, was robbed at gunpoint of $58.00.

Appellant offered alibi evidence and supported his alibi by members of his family.

Mr. Norris testified that on the day of the robbery his hours of duty were from 2:00 p. m. until midnight. He stated that appellant came in the service station around 5:00 p. m. and bought a package of potato chips, looked around, and then left. Appellant returned about an hour later and pulled a pistol on him and said, "Get in the back room, old man, before I kill you." The back room was a storage room and Mr. Norris went to the room as directed. Mr. Norris had the company's money in his shirt pocket. Appellant had the pistol in his right hand and took the money with his left hand and told Mr. Norris to "stay in the room," and appellant left the station.

Mr. Norris immediately called the Police Department and when the officers arrived, he gave them a description of the man who had just robbed him. He further testified that about two weeks later some City detectives brought to his home two sets of mug shots and without the slightest hesitation he identified appellant as the man who robbed him. Later that same day he viewed a lineup of six people at the City jail and immediately identified the number 2 man in the lineup as the robber. He also made a positive in-court identification of appellant as the man who robbed him at gunpoint. This identification was based on having seen appellant at close quarters on two occasions within an hour on the day of the robbery.

Detective H. B. Felts of the Birmingham Police Department testified that he was assigned to investigate this robbery and that he carried mug shots to the home of Mr. Norris and that Mr. Norris identified appellant as the man who robbed him on November 10, 1973. He further testified that later on the same day he was present when Mr. Norris viewed a lineup at the City jail and Mr. Norris picked out the number 2 man in the lineup as the robber.

Appellant did not testify in his behalf but offered testimony by his mother, sister and a nephew that on the day of the robbery appellant attended a birthday party for a niece. They testified that appellant arrived for the party between 2:00 and 3:00 p. m. and stayed until after 7:00 p. m. at which time he borrowed an automobile to go and pick up his wife and that he was gone 20 or 30 minutes. It should be noted here that appellant's wife did not testify and neither did Milton Keith, the owner of the automobile that appellant allegedly borrowed to pick up his wife.

It was brought out on the voir dire examination of the witnesses concerning the makeup of the lineup that appellant was not represented by counsel.

■ It is settled law that an accused is not entitled to counsel at a pre-indictment lineup where he has not been formally charged with a crime. *Houston v. State,* 49 Ala.App. 403, 272 So.2d 610; *Giles v. State,* 52 Ala.App. 106, 289 So.2d 673; *Kirby v. Illinois,* 406 U.S. 682, 92 S.Ct. 1877, 32 L.Ed.2d 411.

■ The testimony of the victim in a robbery prosecution offered to establish the identity of the accused as the robber presented a jury question on that issue. *Carpenter v. State,* 42 Ala.App. 618, 174 So.2d 336.

■ The weight of the evidence, the credibility of witnesses, and inferences to be drawn from the evidence, where susceptible of more than one rational conclusion, are for the jury. *Willcutt v. State,* 284 Ala. 547, 226 So.2d 328; *Braswell v. State,* 51 Ala.App. 179, 283 So.2d 630.

■ Alibi evidence, like all evidence in a criminal prosecution, is a matter for the jury to resolve. *Price v. State,* 53 Ala. App. 465, 301 So.2d 230.

■ There was no motion to exclude the State's evidence; there was no motion for a new trial; there was no request for the affirmative charge, and no exceptions reserved to the oral charge of the Court. Therefore, nothing is presented to this Court for review. *Eady v. State,* 48 Ala. App. 726, 267 So.2d 516; *Price v. State,* 53 Ala.App. 465, 301 So.2d 230; *Goodman v. State,* 52 Ala.App. 265, 291 So.2d 358.

We have carefully examined the record for errors injuriously affecting the substantial rights of appellant and have found none.

Affirmed.

All the Judges concur.