Appellant-defendant, an indigent, was indicted for rape. A jury convicted him as charged and fixed sentence at fifty years imprisonment. This appeal is from an entry of judgment pursuant to the verdict.
The record indicates that the alleged offense occurred on May 26, 1976, at or near a cemetery in Jefferson County. The res gestae began at a drugstore where defendant engaged the prosecutrix in a conversation about her unemployment. He made a suggestion that she follow in her car while he led the way in his car to the airport at which point employment might be obtained.
Enroute, defendant's car came to a stop, whereupon he alighted. Defendant went to the victim's automobile and reported that his car was out of gasoline. He got in the victim's automobile, whereupon he saw a pistol in the victim's purse and grabbed it when she opened the purse to get a cigarette. He threatened her with the pistol and compelled her to proceed in her car to an isolated spot at or near a cemetery in Jefferson County.
When the isolated spot was reached, defendant demanded that she have oral sex with him. When she refused, he kicked her on her legs. The impact of the kicks left bruises. She yielded to oral sex. He thereafter had normal sexual intercourse with her against her will and by putting her in fear.
After the sex relation as above indicated, they proceeded in the victim's car to the point where they had left his car. He alighted with the victim's pistol and took off in his car. The victim then proceeded to the home of her grandfather where she reported the sexual assault. The police were promptly notified, and an investigation was begun immediately.
The victim identified the defendant from a picture which was among several that were shown her by a police officer. An arrest followed.
The State offered supporting evidence by an expert (a physician) who examined her vagina soon after the alleged offense. This expert said the victim had sperm in her vagina that indicated she had had sexual relations not later than twelve hours before the examination. He also stated that she had bruises and abrasions on her legs. The physician testified that he saw the prosecutrix about 6:00 P.M. on May 26, 1976. The victim complained to him that she had been raped by a black male. The patient was identified by name as the same appears in the record before this court.
The defendant did not take the stand. There was no testimony refuting the rape except some alibi witnesses who testified that defendant was at home on the day of the offense helping his wife in the yard.
 I
Appellant claims error on the part of the court in refusing to let his counsel ask the jury, on voir dire when they were being qualified, the following:
 "Is there anybody here who believes that it is incumbent upon the defendant to prove his innocence?"
The range of voir dire examination is properly addressed to the broad discretion of the trial court. Title 30, § 52, Code of Alabama 1940; Bowens v. State, 54 Ala. App. 491,309 So.2d 844, cert. denied, 293 Ala. 746, 309 So.2d 850.
The court's oral charge on the presumption of innocence and the burden of proof relative to guilt was ample and sufficient to impress the jury and to enlighten them on this principle of law so involved. If any juror had the mistaken belief that it was incumbent upon the defendant to prove his *Page 115 
innocence, the oral charge was calculated to dissipate this belief. The ruling of the court was free of error.
 II
A second contention of error is that the trial court erred in admitting in evidence certain photographs revealing bruises and abrasions on the rape victim's legs. The photographs were admitted over defendant's objection.
The victim testified that during the incident of the rape, defendant kicked her and bruised her legs because she demurred at having oral sex with him.
We think the evidence was ample to show that the pictures revealed the kicks and bruises, supra. Hence, they are cumulative and support the victim's evidence as to the violent conduct of the defendant because she demurred to his demand for oral sex. The photographs were admissible. Baldwin v. State,282 Ala. 653, 213 So.2d 819; Brown v. State, 55 Ala. App. 615,318 So.2d 311.
The court's ruling was correct.
 III
The third contention of error is that the prosecution, over defendant's objection, was allowed to ask Officer John Fisher, Jr., of the Birmingham Police Department, whether or not the victim at the time he "first saw her" was upset, or what her condition was.
It appears from the evidence that this witness and another officer, L.L. Lloyd, received a call on May 26, 1976, relative to "this case," that they responded and saw the victim. The State propounded the following question to the witness to which the defendant objected:
 "MR. JOHNSON: Well, as to her appearance when you first saw her, was she upset — did she appear to be upset to you?
"MR. LYERLY: I object to opinion evidence.
"THE COURT: Overruled. You can answer.
 "WITNESS: She had a cigarette in her hand and her hand was shaking.
 "MR. JOHNSON: O.K. Did Officer Eaton come on out there to the house?
"A. Yes, sir.
"Q. She wasn't with you and Lloyd, was she.
"A. No, sir, we called her."
The witness was authorized to relate the appearance of the victim relative to being upset. Hamilton v. State, 281 Ala. 448, 203 So.2d 684; Garraway v. State, Ala.Cr.App.,337 So.2d 1349.
 IV
In his fourth contention of error, appellant asserts the court committed error to reverse because it overruled his motion for a mistrial because the prosecutrix, while in the rear of the courthouse, began sobbing and otherwise reacting to the arguments of counsel.
We think the record refutes such a display of emotion. The trial court's statement of his observation of the prosecutrix, and the absence of any display of emotion, was sufficient refutation. However, he polled the jury after they reported and delivered a verdict and while they were still in the jury box. The entire membership of this jury indicated that they were not influenced by any emotions of the prosecutrix if the scene occurred.
The motion for a mistrial was properly overruled.
 V
Appellant asserts in his motion for a new trial that the jury rendered a quotient verdict that was illegal.
It appears in the record that nine of the twelve jurors on the case were summoned and testified as to the nature of the verdict and how punishment was reached.
It seems that the jury had taken a large number of ballots without an agreement being reached. One of the jurors wrote down what each juror's idea of punishment was. He added them up and divided by twelve. The result was fifty years. This figure was submitted to the jurors and each agreed thereto. *Page 116 
One juror aptly answered a question as follows:
 "Q. Do you recall any discussion of an average? Do you recall any discussion between you or any other members of the jury concerning taking an average to determine the sentence?
 "A. Of course, everybody has to meet a medium somewhere or you never would get a verdict as to the number of years."
In order to be a quotient verdict, and hence illegal, there must be an agreement among the jurors that their verdict would be the result or quotient of a division by twelve of the sum total of all the jurors' separate assessments. Ledbetter v.State, 17 Ala. App. 417, 85 So.2d 581; Lazarte v. City ofMountain Brook, 287 Ala. 96, 248 So.2d 153.
Each of the nine jurors who appeared testified that there was no agreement that they would be bound by the result. It appears that the juror who did the adding and dividing did so without direction of the jurors and presented the result (fifty years) which was satisfactory to all of them. In other words, it was a method used to reach a "medium" and was not illegal.
The motion for a new trial also asserts that the verdict of the jury was contrary to the great preponderance of the evidence. The only defense presented was an alibi which was supported by several witnesses, most of whom were related or in the family of defendant's wife. We think a jury question was presented. The motion was properly overruled.
The judgment is affirmed.
The foregoing opinion was prepared by the Honorable BOWEN W. SIMMONS, a Retired Circuit Judge, serving as a judge of this court, under the provisions of § 6.10 of the new Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.