Robbery; sentence: life imprisonment.
In the early morning hours of August 29, 1978, the appellant along with two accomplices robbed a Zippy Mart in Andalusia of three six packs of beer, a bag of potato chips, a can of meat, some magazines, and approximately $190. During the course of the robbery, the attendant, John Ezra Brown, was killed. SeeCoon v. State, Ala.Cr.App., 380 So.2d 980 (1979). The appellant did not participate in the commission of the homicide, but rather drove the getaway car. Within thirty minutes of the robbery, he was apprehended.
 I
The appellant filed a motion to exclude the State's evidence at the end of the State's case-in-chief and likewise challenges the sufficiency of the evidence on appeal. It is therefore necessary to recite a more detailed version of the facts. For this purpose our review is limited to the evidence which was before the court at the time the motion to exclude was made and is considered in its most favorable light for the prosecution.James v. State, Ala.Cr.App., 339 So.2d 1047, cert. denied, Ala., 339 So.2d 1052 (1976); Kent v. State, Ala.Cr.App.,367 So.2d 508, cert. denied, Ala., 367 So.2d 518 (1978).
Officer Tarris Woods of the Andalusia Police Department testified that around 2:13 a.m. he was on patrol and saw Huey Coon, Earnest Marvin, and the appellant standing near the appellant's car, a green 1969 Chrysler, which was parked in front of his residence. Officer Woods had a short conversation with them, and the appellant indicated that he was getting ready to go to the Zippy Mart for some beer. The robbery occurred some time within the next forty-five minutes.
Officer Woods testified, that after the victim was taken to the hospital, he was informed by a nearby service station manager that some men in a green car had frequented the store several times that evening. Remembering his prior conversation with the appellant and his friends, Officer Woods and Investigator Charlie Glass went to the appellant's residence. Upon their arrival Earnest Marvin ran from the house and was apprehended. Investigator Glass asked the appellant whether he had any beer in the house to which he affirmatively answered. The appellant showed Investigatory Glass eleven cans of cold Budweiser beer under a cake cover in the kitchen. The appellant said he had purchased the beer the prior afternoon at a Piggly Wiggly store. However, the beer was cold, it bore a price label later proved to be from the Zippy Mart, and appellant had just earlier told Officer Woods he was going there to buy some beer. The appellant was taken into custody and transported, along with the beer to the police station.
James McCurley, an area supervisor for Zippy Mart, testified that he visited the office of Investigator Glass later that morning and identified the pricing labels and price on the beer. Mr. McCurley stated that Budweiser beer had been on special at the Zippy Mart for some time at $2.09 a six pack which was reflected on the cans he identified. Afterwards Mr. McCurley arrived at the scene of the crime with Investigator Glass and noticed the cash register open and indicating a sale of $3.58.
The appellant's confession, properly introduced into evidence without objection, indicated that upon entering the store early that morning he headed to the canned meat section and got some meat. He stated that he and Marvin had placed a six pack of Miller beer and bag of potato chips on the counter. The appellant said that it was at this time that Coon grabbed Mr. Brown and appellant left the store and went to his car. After the robbery the beer, potato chips, and magazines were placed in the car. The appellant drove to his residence wherein Marvin divided the money from the cash register and the victim's billfold into three portions, and Coon changed clothes. When Officer Woods and Investigator Glass arrived, the appellant picked up the remaining portion of the money and placed it in a coat pocket. He had a Miller beer in his hand when he opened the door. The money *Page 1138 
was later found and introduced into evidence without objection.
Rufus Anderson, the uncle of the appellant with whom he resided, testified that his wife found a billfold which belonged to Mr. Brown. He turned it over to the police. After being identified by Anderson, the victim's wallet and its contents were introduced into evidence without objection.
Richard McCurley, an employee of the Andalusia Zippy Mart, testified that normally premium beer sold for $2.65 a six pack except for the special price for Budweiser. He also stated that one size of potato chips sold for $.73.
Covington County Deputy Sheriff Howard Easley testified that upon arrival at the Zippy Mart around 7:00 a.m. he took into custody the register receipt tape. It indicated the last entry as consisting of the amounts of $2.65 and $.73 for a subtotal of $3.38. With $.20 tax the total read $3.58. Sheriff Easley also searched for an item that sold for $.73. He found that item to be a large bag of potato chips. The register tape was subsequently introduced into evidence without objection.
In testing the sufficiency of the evidence, this court, unlike the jury, is not bound to believe the evidence beyond a reasonable doubt and to a moral certainty in order to affirm a conviction. Rather, it is our duty to determine whether there was legal evidence presented from which the jury could by fair inference find guilt. If so, we have no right to disturb the verdict. Trussell v. State, 57 Ala. App. 109, 326 So.2d 301
(1976), and cases cited therein.
As stated in Ward v. State, Ala.Cr.App., 356 So.2d 238, cert. denied, Ala., 356 So.2d 242 (1978):
 ". . . The weight and probative value to be given the evidence, the credibility of witnesses, the resolution of conflicting testimony, and the inferences to be drawn from the evidence, even where susceptible of more than one rational conclusion, are for the jury. Hall v. State, 57 Ala. App. 132, 326 So.2d 660 (1976). A verdict of conviction must not be set aside on the ground of insufficiency of the evidence unless, after allowing for all reasonable presumptions in favor of its correctness, the preponderance of the evidence against the verdict is so strong as to clearly convince the court that it was incorrect and unjust. Bridges v. State, 284 Ala. 412, 225 So.2d 821 (1969). . . ."
In the instant case it is clear that there was legal evidence from which the jury could reasonably infer the appellant's participation in the robbery. Consequently, the trial court properly overruled his motion to exclude the State's evidence.
 II
Appellant contends that the trial court erred in denying his motion for a change of venue. The appellant focuses his contention upon two arguments: (1) that there was excessive pretrial publicity, and (2) that there was systematic exclusion of blacks from the jury venire.
 A
The only evidence presented before the court concerning pretrial publicity was one article from a local newspaper. After a careful review, we find no editorial comment was made in the article. Rather, it presented a factual account of the robbery-murder. Consequently, the burden of proof necessary to illustrate the requisite prejudicial effect to the appellant was not met. Colley v. State, Ala.Cr.App. [Ms. September 4, 1979]; Yoemans v. State, 55 Ala. App. 160, 314 So.2d 79 (1975).
 B
In support of his second argument for a change of venue, the appellant's evidence consisted of testimony from his counsel which indicated that of the 37 veniremen drawn for this trial about 10 percent (4) were black, while the black population of Covington County equaled approximately 21 percent. Consequently, appellant asserts there was a systematic exclusion of blacks from the jury venire. *Page 1139 
The constitution does not guarantee an accused a proportionate number of his race on the jury venire or on the trial jury. Deliberate, systematic exclusion must be proven. By merely showing the above percentages, it is apparent that the appellant has failed to carry his burden in proving systematic exclusion of blacks from the jury venire. Without more, we cannot find error in the trial court's ruling. Smith v. State, Ala.Cr.App., 364 So.2d 1 (1978); Washington v. State, Ala.Cr.App., 333 So.2d 618 (1976); and cases cited therein.
 III
Appellant contends that his sentence of life imprisonment was so severe as to constitute cruel and unusual punishment prohibited by both the United States and Alabama constitutions.
Under § 13-3-110, Code of Ala. 1975, a person convicted of robbery may be sentenced for not less than ten years imprisonment. The statute sets no maximum sentence. Section15-18-20, Code of Ala. 1975, confers upon the trial court the authority to impose punishment unless that power is expressly reserved to the jury, and § 15-18-23, Code of Ala. 1975, grants the trial court the right to impose a life sentence for a crime where no maximum sentence is expressed. We find no abuse of the trial judge's discretion in the imposition of punishment as it was within the confines of our statutory scheme.
 IV
Appellant asserts that it was error for the trial court to deny his motion for a continuance. The motion was based upon two grounds: (1) that appellant's co-counsel could not participate in his defense due to a death in the family, and (2) that he was prevented from receiving a haircut and shave before trial.
 A
The only evidence reflected in the record supporting appellant's first ground is a statement by appellant's co-counsel indicating that his partner could not participate in his defense due to a death in the family. There was no showing that the appellant could not be adequately represented by the remaining attorney. Rather, the record indicates exactly the opposite. We find no prejudice resulted from the absence of one counsel nor any abuse of discretion by the trial court in denying appellant's motion on this ground. Fletcher v. State,291 Ala. 67, 277 So.2d 882 (1973); Mayes v. State, Ala.Cr.App.,350 So.2d 339 (1977). In the instant case, the appellant had two court appointed counsel to represent him. One could not appear, but the other most ably represented the appellant. We distinguish this case from Gandy v. Alabama, 569 F.2d 1318 (5th Cir. 1978), wherein Gandy's appointed counsel could not attend trial and the court appointed an associate to immediately try the case even though he was totally unfamiliar with the case and unprepared. See also 6 Ala. Digest, Criminal Law, 586; 7 Ala. Digest, Criminal Law, 151, as to the discretion of the court.
 B
In support of appellant's second ground for granting of a continuance, we find only a statement by his counsel that the appellant had been incarcerated for eight months and had been advised to get a haircut and shave but had been denied such. Appellant argues that his disheveled appearance prejudiced the jury against him.
Without evidence offered to prove the appellant's allegations, the trial court had nothing before it to rule upon. Unsworn statements of counsel are not evidence. Consequently, denial of appellant's motion was not an abuse of discretion, under the circumstances. Therefore, no error was committed by denying appellant's motion on this ground and in toto. Fletcher, supra; Mayes, supra; Sowells v. State, Ala.Cr.App., 339 So.2d 1090 (1976), and cases cited therein.
 V
Appellant's final contention is based upon the trial court's overruling his motion for a *Page 1140 
new trial. The motion, as well as covering issues previously discussed in Parts I-IV of this opinion, raises three additional grounds.
 A
Appellant asserts it was prejudicial to have Mrs. Brown testify concerning her late husband's wallet and its contents. He asserts that the only purpose for Mrs. Brown's testimony was to inflame the jury. Appellant made no objection at trial to Mrs. Brown's testimony; therefore, such is not subject to review on appeal. 6B Ala. Digest, Criminal Law, 1036.1 (1). In any event the appellant's contention would have no merit.Harris v. State, Ala.Cr.App., 352 So.2d 460, aff'd, Ala.,352 So.2d 479 (1976).
 B
Appellant contends that he was denied the right to cross examine Sergeant Marlon Brewer of the Alabama Bureau of Investigation concerning a statement made to him by Huey Coon. The trial court sustained the district attorney's objection and informed appellant's counsel that Coon was available as a witness. Counsel for appellant then stated, "All right, Sir. We'll call him." Thereafter in the presentation of his case the appellant called Coon as his first witness. We find no error in the trial court's action. Coon's extrajudicial statement to Officer Brewer amounted to hearsay and was inadmissible on timely objection. The appellant fully examined Coon as a live witness concerning the events in question, and we fail to see how the appellant was prejudiced.
 C
Lastly, the appellant argues that refusal of several requested charges constituted error. Of appellant's twenty-seven requested charges, eighteen were given and nine refused. All nine were properly refused as either being included in the court's oral charge or other given requested charges. Section 12-16-13, Code of Ala. 1975.
As stated in Sandlin v. City of Birmingham, 24 Ala. App. 462,136 So. 481 (1931):
 "The function of a motion for a new trial is to set up some error of law in trial of main case, or the fact that defendant has some newly discovered evidence that he could not obtain on original trial. Williams v. State, 20 Ala. App. 275, 101 So. 509; Benton v. State, 16 Ala. App. 192, 76 So. 476. It is clearly apparent that the learned trial court committed no error in the main trial of the case, and appellant made no contention in his motion for a new trial that he had any newly discovered evidence; therefore, the court very properly overruled the motion. A motion for a new trial is properly overruled where no matter was presented which was not dealt with on trial; there having been ample evidence to support verdict and conviction. Bell v. State, 16 Ala. App. 36, 75 So. 181. . . ."
See: Mount v. State, 32 Ala. App. 235, 24 So.2d 142 (1945);Frost v. State, 30 Ala. App. 611, 11 So.2d 393 (1943); §15-17-5, Code of Ala. 1975.
The ruling on a motion for new trial is a matter resting largely in the sound discretion of the trial judge, and this court will indulge in every presumption in favor of the correctness of the trial court's ruling. Henley v. State, Ala.Cr.App., 361 So.2d 1148, cert. denied, Ala., 361 So.2d 1152
(1978); Ward v. State, Ala.Cr.App., 356 So.2d 238, cert. denied, Ala., 356 So.2d 242 (1978). We find the rulings made by the trial court were not erroneous and, therefore, did not prejudice the rights of the appellant to a fair trial. Consequently, the trial court's overruling of appellant's motion for a new trial was without error.
AFFIRMED.
All the Judges concur. *Page 1141