The appellant was indicted for first degree murder for the shooting of his wife, Gracie Nell Casey. After a jury trial, he was convicted of murder in the second degree and sentenced to thirty years.
On November 11, 1978, the appellant, an officer with the Greensboro Police Department, drove his wife to a club meeting. After the meeting, as the appellant and his wife were driving home, they began arguing. On their arrival at home, while they were still in the car parked in the driveway, they began to scuffle. The appellant removed his gun from his waist and was placing it under the seat when his wife grabbed the gun. The gun fired and the wife was shot in the abdomen. The appellant drove her to the emergency room at a local hospital and she was treated for the gunshot wound. She was later taken to the Druid City Hospital in Tuscaloosa where she died as a result of the gunshot wound.
The appellant made three statements regarding the shooting, one to Greensboro Assistant Police Chief George McKinney, one to Sgt. Gary Bice, and one to Hale County Sheriff Chester Colvin. All three statements tend to show that the shooting occurred as a result of the scuffle over the gun. However, the statement made to Assistant Chief McKinney, although very similar to the ones given to Sgt. Bice and Sheriff Colvin, contained one difference: the appellant said that when the argument started, "I picked up my gun and slipped the holster on my side and pulled my shirt down over the gun."
During the trial, there was testimony indicating that appellant's wife had, on occasion, gone out at night without her husband's approval. There was also evidence that on one occasion the appellant had threatened to shoot his wife and one Cleveland Gooden, when he found them together in Gooden's car.
Sheriff Colvin testified that when the appellant turned over his weapon it contained two "fired cartridges," and four "unspent cartridges."
Sgt. Bice, who saw the appellant at the hospital in Greensboro on the night of the shooting, stated that he noticed scratch marks on the appellant's neck.
The appellant did not testify, nor did he present any evidence in his behalf.
 I
The appellant insists that the verdict was contrary to the weight of the evidence presented by the State. In the present case, there was no direct evidence showing exactly what occurred at the time Mrs. Casey was shot. Only circumstantial evidence exists from which the jury could conclude that the appellant murdered his wife. Circumstantial evidence is entitled to the same weight as direct evidence, provided it points to the guilt of the accused. Creel v. State, 53 Ala. App. 504, 301 So.2d 267 (1974). *Page 332 
In the present case there was legal evidence from which the jury could by a fair inference find the appellant guilty of murder in the second degree. Trussell v. State, 57 Ala. App. 109, 326 So.2d 301 (1976); Haggler v. State, 49 Ala. App. 259,270 So.2d 690 (1972). In our judgment, there was evidence from which a jury could exclude every reasonable hypothesis but that of appellant's guilt. Dolvin v. State, Ala., 391 So.2d 133
(1980). Therefore, the trial court was correct in overruling appellant's motion for a new trial.
 II
The appellant contends that the verdict of the jury should be set aside because it was a "quotient" which was the result of a previous agreement by the jury.
The law is clear that if a jury agrees in advance that a verdict should be the result or "quotient of a division by twelve of the sum total of all the jurors' separate assessments" of the appellant's punishment, then a verdict brought about by such a previous agreement must be set aside.Sanders v. State, 243 Ala. 691, 699, 11 So.2d 740 (1943). However, when there is no agreement that the average estimate will be binding, and the tabulation is done merely for the purpose of arriving at a basis from which the jury can determine what the punishment is to be, and each individual juror is free to accept or reject the averaging of the sentence, then the verdict that is subsequently agreed upon is not a quotient verdict and is binding. Harris v. State,241 Ala. 240, 2 So.2d 431 (1941). The vitiating fact is the agreement in advance to be bound by the result. Sanders v.State, supra.
In the present case, only two jurors gave testimony at the hearing on the motion for a new trial. One testified on behalf of the appellant and the other on behalf of the State. The testimony of the juror for the appellant indicated that there was a prior agreement, but on cross-examination she acknowledged that although they had previously "had a conversation about proceedings to determine a number by adding up and dividing by twelve" they did agree afterwards that the number of years the appellant was to receive would be thirty years. The juror presented on behalf of the State testified that the foreman tabulated the individual jurors' assessments of punishment and divided them by twelve. After this was done, however, he stated that the jury discussed the verdict for about thirty minutes, and, before reaching a verdict, asked for additional instructions from the judge. During cross-examination the juror denied that he had agreed to be bound by a "quotient." No scraps of paper or other evidence indicating the jury's tabulations were introduced. Under these facts we do not believe that sufficient evidence was shown to indicate advance agreement to abide by the result of the averaging. See Storie v. State, Ala.Cr.App., 390 So.2d 1179, cert. denied, Ala., 390 So.2d 1184 (1980); Collins v. State, Ala.Cr.App., 365 So.2d 113, cert. denied, Ala., 365 So.2d 116
(1978).
 III
Prior to trial the State agreed that it would furnish the appellant with a list of the witnesses who would be called by the State. On the list furnished to the appellant there appeared the name, "Angeline Nixon," one of Mrs. Casey's children. During the trial, instead of calling Angeline Nixon, the State called Sharon Nixon, her sister. Appellant complains that the substitution was in violation of the court's pre-trial order to furnish the State's witness list and prejudiced his case. During the trial the court made inquiry and determined that, in preparing his case, defense counsel had talked neither to Angeline Nixon nor to Sharon Nixon. The court concluded that the defense would suffer no disadvantage by permitting the State to substitute Sharon Nixon for Angeline Nixon.
Although this court looks with disfavor upon the intentional disregard of the trial court's order, no authority has been cited to us that would require the State to provide the appellant with a list of witnesses to be called in its behalf. The authorities cited *Page 333 
by the appellant are civil cases construing the rules of civil procedure.
In Thigpen v. State, 49 Ala. App. 233, 239-40, 270 So.2d 666
(1972), this court observed:
 "[W]e do not deem the constitutional right to compulsory process in a criminal case to operate in such a manner as to compel pretrial discovery as to who in fact are witnesses for the State. Rather, the law assumes that defense counsel will act with due diligence so as to have such witnesses as necessary available at trial."
See also, Dolvin v. State, 51 Ala. App. 540, 287 So.2d 250
(1973).
Under the facts of this case, we believe it was a discretionary matter with the trial judge to allow the State to make the substitution and we fail to see how his action prejudiced the appellant.
 IV.
The appellant claims that the trial court committed reversible error when it allowed the jury to separate without proper instructions. We have examined the record and fail to find that there was an objection made to the separation of the jury during the trial. We note that the transcript of evidence indicates the trial court's belief that appellant had consented to a separation. The record shows that the court made the following remarks:
 "THE COURT: Let the record show that the defendant has announced that he has no objection to the jury separating for meals and for the night under proper precautionary instructions by the court."
Also we note that, at the time the jury was allowed to separate at the lunch hour, no objection was made. Therefore, even if appellant did not consent to the separation as the trial judge stated, appellant may not raise the illegal separation of the jury at the lunch hour for the first time on appeal. See Kenny v. State, 51 Ala. App. 35, 282 So.2d 387, cert. denied, 291 Ala. 786, 282 So.2d 392 (1973).
We have examined the record and transcript of evidence and find no error prejudicial to the appellant. Therefore, the judgment of conviction by the Hale Circuit Court is affirmed.
AFFIRMED.
All the Judges concur.