TAYLOR, Judge.
The appellant, B.C.R., a 16-year-old, was adjudicated delinquent on the underlying offense of criminal mischief in the second degree, § 13A-7-22,[1] Code of Alabama 1975. He was sentenced to spend one year on probation and was ordered to pay $846.00 in restitution.
The evidence presented at the hearing tended to show that on January 9, 1993, a 1967 Ford Mustang automobile belonging to J.W.[2] was vandalized. The appellant and J.W. were both interested in the same girl, M.B. On the day of the incident, J.W. went to see M.B. at her house and parked in the driveway. He was inside about 10 minutes when the appellant came in the house. He appeared upset and asked J.W. why he was *1185 there. M.B. came out to the living room to talk with the appellant and walked him outside. They were standing directly by J.W.’s ear, which was parked about 2 to 3 feet from the appellant’s car. A few minutes later J.W. went with M.B.’s mother, in the mother’s car, to pick up M.B.’s youngest sister. The appellant was at M.B.’s house for about 10 minutes after J.W. left with M.B.’s mother. J.W. arrived back at M.B.’s house about 10 or 15 minutes later and got in his car and drove home. When he was cleaning the wheels of his Mustang several minutes after he arrived home he noticed that the front bumper was damaged on the left side. He had hand washed the car directly prior to going to M.B.’s house and knew that the damage had to have occurred while the car was parked in M.B.’s driveway. The bumper had brown scuff marks and sand marks where it was damaged. That day the appellant was wearing brown high-top shoes with soles that were deep brown. J.W. telephoned the appellant. The appellant came over to his house, expressed sympathy, and said that he did not kick the bumper. Several estimates on repairing the bumper damage were submitted to the court. The lowest estimate was $846.00.
The day of the incident was not the first time that the appellant and J.W. had difficulties over M.B. About one month prior to this incident, on an occasion when the appellant was at J.W.’s house, the appellant asked J.W. to fight him over M.B. J.W. refused.
The appellant raises only one issue on appeal. He contends that there was insufficient evidence to find that he violated § 13A-7-22, Code of Alabama 1975. Specifically, he states that all the evidence against him was merely circumstantial and not sufficient to find him guilty of criminal mischief in the second degree. Judge Bowen, in Cumbo v. State, 368 So.2d 871 (Ala.Cr.App.1978), cert, denied, 368 So.2d 877 (Ala.1979), set out the standard that this court utilizes when reviewing a case based on circumstantial evidence:
“In reviewing a conviction based on circumstantial evidence, this court must view that evidence in the light most favorable to the prosecution. The test to be applied is whether the jury might reasonably find that the evidence excluded every reasonable hypothesis except that of guilt; not whether such evidence excludes every reasonable hypothesis but guilt, but whether a jury might reasonably so conclude.”
Cumbo, 368 So.2d at 874. (Citation omitted.)
“Circumstantial evidence is not inferior or deficient evidence. See Linzy v. State, 455 So.2d 260 (Ala.Cr.App.1984). ‘Circumstantial evidence is entitled to the same weight as direct evidence, provided it points to the guilt of the accused.’ Casey v. State, 401 So.2d 330, 331 (Ala.Cr.App.1981).’ ”
Holder v. State, 584 So.2d 872, 875-76 (Ala. Cr.App.1991).
In this ease, the judge was sitting as the finder of fact. “Whether circumstantial evidence tending to connect the defendant with the crime excludes, to a moral certainty, every other reasonable hypothesis than that of the defendant’s guilt is a question for the jury [or the finder of fact].... ” Cumbo, 368 So.2d at 875. There is no reason to disturb the court’s judgment here. The circumstantial evidence, as set out above, was sufficient to support a finding that the appellant was guilty of criminal mischief in the second degree.
The court’s adjudication of delinquency is due to be affirmed.
AFFIRMED.
All the Judges concur.

. Both the appellant and the state, in their briefs, contend that the appellant was adjudicated guilty on the underlying offense of criminal mischief in the first degree. The record shows that the court adjudicated the appellant guilty of criminal mischief in the second degree. The damage in the case was not proven to exceed $1000.00.

. The anonymity of the teenagers involved in this case is being preserved according to Rule 52, A.R.App.P.