TAYLOR, Judge.
The appellant, M.B.,[1] a 14-year-old, was adjudicated delinquent on the underlying offense of third-degree burglary, § 18A-7-7, Code of Alabama 1975. He was committed to the Department of Youth Services for rehabilitation.
The state’s evidence tended to show that in 1991, the appellant took part in a burglary of Baldwin County High School, in which approximately $12,000 worth of office equipment was stolen or destroyed. The adjudication of delinquency was based in part on the testimony by another minor, L.O., who lived near the appellant. L.O. testified that the appellant showed him a stolen computer and told him that he had gotten it and other pieces of equipment, including a television, from the high school.
The appellant contends that he could not be adjudicated delinquent because there was insufficient corroboration of his statement to L.O. to support a finding that he committed the burglary of the high school. Section 12 — 15—66(b), Code of Alabama 1975, provides in pertinent part as follows:
“An extrajudicial admission or confession made by the child out of court is insufficient to support a finding that the child committed the acts alleged in the petition unless it is corroborated by other evidence.”
Here, there was sufficient evidence to corroborate the appellant’s extrajudicial statement to L.O. L.O. testified that the appellant took a stolen computer to L.O.’s house one night, and that L.O. later saw at the appellant’s house a stolen television which had been taken from the school. Captain Kenneth Hall, of the Bay Minette Police Department, testified that he traced a television set, which was stolen from the high school in the burglary, from a pawn shop to a woman named Carolyn Wilson, who told Hall that she had purchased the set directly from the appellant and his brother. Further, W.M. Duck, the principal of Baldwin County High School, testified that the appellant had told him what items were taken from the school in the burglary and had told him when and how the burglars had entered the building. This court has held:
“Where a juvenile’s statement is corroborated by the physical details of the crime itself, such that only the perpetrator of the crime would have knowledge of such details, then probable cause may be found based on the totality of the circumstances.”
C.C. v. State, 586 So.2d 1018, 1021 (Ala.Cr. App.1991). Here, the appellant told Duck *1187 details of the crime that only a participant in the burglary would have known.
Even though there was no direct testimony that the appellant committed the burglary, circumstantial evidence may afford sufficient proof of a crime if it points to the guilt of the accused. Cumbo v. State, 368 So.2d 871 (Ala.Cr.App.1978), cert. denied, 368 So.2d 877 (Ala.1979).
“Circumstantial evidence is not inferior or deficient evidence. See Linzy v. State, 455 So.2d 260 (Ala.Cr.App.1984). ‘Circumstantial evidence is entitled to the same weight as direct evidence, provided it points to the guilt of the accused.”’
Holder v. State, 584 So.2d 872, 875-76 (Ala. Cr.App.1991), quoting Casey v. State, 401 So.2d 330, 331 (Ala.Cr.App.1981). There was ample evidence of the appellant’s involvement in the burglary to corroborate his extrajudicial statement to L.O.
For the forgoing reasons, the adjudication of delinquency is due to be affirmed.
AFFIRMED.
All the Judges concur.

. We are protecting the anonymity of the juvenile according to Rule 52, A.R.App.P.